UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>KENNETH WARREN RHULE,<br><br>    Defendant. | Case No. MJ20-97<br><br>ORDER |

## I. INTRODUCTION

This matter is before the Court on Defendant Kenneth Rhule's motion to modify conditions of pretrial release. (Mot. (Dkt. # 17).) The government filed a response (Resp. (dkt. # 22)), and Mr. Rhule filed a reply (Reply (dkt. # 24)). The Court, having reviewed the parties' submissions, the governing law, and the balance of the record, hereby ORDERS that Mr. Rhule's motion is GRANTED.

## II. BACKGROUND

Mr. Rhule is charged by complaint with allegedly conducting an unlicensed money transmitting business in violation of 18 U.S.C § 1960, laundering of monetary instruments in violation of 18 U.S.C § 1956, and conspiracy to manufacture and distribute marijuana in

ORDER - 1

1 violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846. (Compl. (Dkt. # 1).) Mr. Rhule appeared
2 for his initial appearance and detention hearing on March 10, 2020. (Dkt. # 6.) The parties and
3 Pretrial Services recommended release. (*Id.*) The Undersigned released Mr. Rhule, conditioned
4 upon a bond with special conditions. (*Id*.) At issue in the instant motion is the following special
5 condition:

> Provide Pretrial Services with any requested information regarding your financial status, income sources, and investment. Sign a Release of Information form for Credit Bureau Verification if requested by Pretrial services."

(Dkt. # 8 at 1.)

Since the detention hearing, Mr. Rhule provided a release regarding his credit report information and a requested "Monthly Cash Flow Statement." (Eakes Decl. (Dkt. # 18) at ¶¶ 3, 5.) Pretrial Services also requested Mr. Rhule submit a "Net Worth Statement." (*Id.* at ¶ 3.) Mr. Rhule requested Pretrial Services rescind its request for a net worth statement, arguing it implicates his Fifth Amendment right against compulsory self-incrimination. (*Id.* at ¶ 6.) After conferring with the U.S. Attorney's Office, Pretrial Services declined to rescind its request but agreed to suspend it until resolution of the instant motion. (*Id.* at ¶ 7.)

Mr. Rhule's motion specifically requests the Court issue an order clarifying that his bond does not require a complete accounting of his assets and liabilities. (Mot. at 2.) Mr. Rhule also argues that if he is required to submit a net worth statement, he should be granted immunity from any direct or indirect use by the government regarding the statement. (Reply at 1.)

### III. DISCUSSION

#### A. 18 U.S.C. § 3142

18 U.S.C. § 3142 empowers a court to release a defendant "subject to the least restrictive further condition, or combination of conditions, that … will reasonably assure the appearance of

ORDER - 2

the person as required and the safety of … the community." 18 U.S.C. § 3142(c)(1)(B). In deciding whether and what conditions to impose, a court must consider: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). To prevent a defendant's release, the government must prove that a defendant is a danger to the community by clear and convincing evidence, or it must prove that a defendant is a flight risk by a clear preponderance of the evidence. *United States v. Motamedi,* 767 F.2d 1403, 1406 (9th Cir. 1985). "Doubts regarding the propriety of release are to be resolved in favor of defendants." *United States v. Townsend,* 897 F.2d 989, 994 (9th Cir. 1990).

The Court previously considered the factors enumerated in 18 U.S.C. § 3142 and found release with special bond conditions warranted. For the reasons discussed below, release remains warranted without the condition of providing a net worth statement.

### 1. *Appearance as Required*

Mr. Rhule argues his appearance as required is reasonably assured by the current bond conditions that he not travel outside the district, maintain his residence as directed, and surrender his passport.[1] (Mot. at 4.) In support of his argument, Mr. Rhule argues he is not a flight risk because he has extensive ties to the community, does not hold foreign citizenship, and has no criminal history. (*Id.*) Mr. Rhule also argues that a complete accounting of his assets and liabilities is unnecessary to provide visibility into his financial activities given that he is already providing monthly cash flow statements. (Reply at 3.)

---

[1] Mr. Rhule surrendered his passport on March 12, 2020. (Dkt. # 9.)

ORDER - 3

The government argues that because Mr. Rhule allegedly has access to substantial assets, the reporting of his monthly cash flow and release for credit report information are inadequate to evaluate the extent of his financial resources. (Resp. at 7-8.) Specifically, the government argues that Mr. Rhule is charged with having access to assets held outside of financial institutions and held in the name of shell companies. (*Id.*) The government argues that without a net worth statement, it is unknown what cash reserves Mr. Rhule has access to or if he is liquidating assets in an effort to abscond. (*Id.* at 9.)

Here, the Court agrees with Mr. Rhule that a net worth statement is unnecessary to assure his appearance. Mr. Rhule was raised in this district and maintains his residence here. (Reply at 2.) He has no criminal history and since his detention hearing, it appears he has actively worked with Pretrial Services to ensure compliance with his bond conditions. Further, Mr. Rhule relinquished his passport and is bound to not travel outside the district. Although alleged sums of cash may be considered in determining if a defendant will appear as required, *see United States v. Nguyen*, 2008 WL 4163135 at *2 (W.D. Wash. Sept. 4, 2008), the other narrowly tailored conditions, namely the disclosure of monthly cash flow statements, will reasonably assure that Mr. Rhule is not amassing large sums of money to flee the jurisdiction.

        2.    *Safety of the Community*

Mr. Rhule argues the safety of the community is reasonably assured by the bond conditions that he not possess firearms or dangerous weapons, not transfer any virtual currencies, and that he continue to provide monthly cash flow statements. (Mot. at 4.) Mr. Rhule asserts that although the government alleges he manufactured marijuana products, there are no allegations that he is currently engaged in a marijuana operation. (*Id.*) Mr. Rhule further argues that the monthly cash flow statements allow Pretrial Services to monitor any potential ongoing

ORDER - 4

criminal activity, whereas disclosure of a net worth statement would only provide information regarding his past financial activities. (*Id*. at 4-5.)

The government argues Mr. Rhule poses a risk to the community because the alleged manufacturing of marijuana products involved highly combustible chemicals and multiple firearms, including stolen firearms. (Resp. at 10.) The government asserts that without a complete list of current assets, it is unknown whether Mr. Rhule continues to manufacture or sell marijuana. (*Id.* at 9-10.)

The Court finds disclosure of a net worth statement unnecessary to assure the safety of the community. Although production of marijuana products may involve dangerous chemicals, there is no evidence that Mr. Rhule is currently engaged in a marijuana operation or any other criminal activity. Further, the sale of any marijuana products would presumably be detected in his monthly cash flow statements. Similarly, there is no evidence Mr. Rhule presents a threat to the community based on his alleged former possession of firearms. While the allegations regarding possession of stolen firearms is concerning, there are no allegations he currently has access to firearms and the bond conditions expressly prohibit him from possessing dangerous weapons. It is unclear how providing a net worth statement, given the combination of other conditions, is necessary to assure the safety of the community. Because the current bond conditions reasonably assure both Mr. Rhule's appearance and the safety of the community, the Court declines to impose the more restrictive condition of requiring a complete accounting of his assets and liabilities.

### B. Fifth Amendment Implications

The Self-Incrimination Clause of the Fifth Amendment provides that "[n]o person … shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V.

ORDER - 5

For that reason, violation of the right against self-incrimination can only occur "if one has been compelled to be a witness against himself in a criminal case." *Chavez v. Martinez*, 538 U.S. 760, 770 (2003).

Mr. Rhule argues that requiring him to disclose his net worth implicates his Fifth Amendment right against compulsory self-incrimination given the government's accusations that he ran unlicensed business operations. (Mot. at 5.) Specifically, Mr. Rhule argues disclosure could provide a link to incriminating evidence about the extent of the alleged operations, which could in turn expose him to further charges or a more severe sentence if he is convicted. (Mot. at 5; Reply at 4.) The government responds that Mr. Rhule's Fifth Amendment rights are protected by the confidentiality rules codified in 18 U.S.C. § 3153(c) that provides information given to Pretrial Services is not admissible against defendants except in limited circumstances. (Resp. at 3-7.) Because the Court finds a net worth statement is not necessary to assure Mr. Rhule's appearance or the safety of the community pursuant to 18 U.S.C. § 3142, the Court need not address this line of argument.

### IV. CONCLUSION

For the foregoing reasons, Mr. Rhule's motion (dkt. # 17) is GRANTED. The special bond conditions do not require Mr. Rhule to provide a net worth statement at this time, however, the parties may seek guidance from the Court if other disputes regarding pretrial financial disclosures arise. Defendant is directed to continue providing Pretrial Services with monthly cash flow statements.

DATED this 27th day of May, 2020.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 6