UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>    v.<br><br>KENNETH JOHN RHULE,<br><br>            Defendant. | CASE NO. MJ 20-390<br><br>**DETENTION ORDER** |

The Court conducted a detention hearing under 18 U.S.C. § 3142(f), and concludes there are no conditions which the defendant can meet which would reasonably assure the defendant's appearance as required or the safety of any other person and the community.

**FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION**

Defendant is charged with a drug trafficking offense carrying a mandatory minimum term of imprisonment of ten years if he convicted as charged. The government proffered defendant was involved in a large-scale drug manufacturing and distribution scheme over at least a five year period. The scheme generated nearly 5 million dollars in profits. These profits were concealed by transmitting crypto-currency to several shell corporations via anonymous internet routers such as TOR. Some of the shell corporations were directed by relatives of defendant's wife in Russia. When the government searched defendant's residence in March 2020, they

discovered significant amounts of controlled substances, three stolen fire arms and a thumb drive with crypto-currency worth $200,000.

Defendant's wife, a Russian national, was arrested during the search of defendant's residence and taken into immigration custody. In May 2020, a phone call between defendant and his wife was recorded at the immigration detention center. Defendant told his wife he would be with her in Russia no matter what and that he had applied for an expedited passport. The government proffered that immigration officials advise defendant's wife admitted using heroin and that her admission would prevent her from obtaining permission to reenter the United States after she was removed or deported. At some point, defendant left this district and was subsequently arrested in the District of Hawaii.

Defendant argues that since his son was released, so should he. However, defendant's son does not have ties to Russia, and has never made statements indicating the intent to leave the district for Russia. Defendant's son and defendant are not similarly situated and his son's release is not grounds, alone, to release defendant.

Defendant also argued he should be released due to the COVID-19 health crises. However, the government indicated he does not have a health condition that renders him particularly vulnerable to the COVID-19 virus, and that FDC SeaTac has quarantined a recently admitted inmate who tested positive and thus the risk of infection is contained.

It is therefore **ORDERED**:

(1) Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences, or being held in custody pending appeal;

(2) Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the Government, the person in charge of the correctional facility in which Defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The Clerk shall provide copies of this order to all counsel, the United States Marshal, and to the United States Probation and Pretrial Services Officer.

DATED this 24th day of July, 2020.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

DETENTION ORDER - 3