**Index to Exhibits**
**Reply to Motion to Review and Revoke Detention Order**

*United States v. Kenneth John Rhule*
No. 20-cr-105 JCC

| S | Second Declaration of Nicholas Marchi |
|---|---|
| T | Second Letter of Olga Rhule (wife) |
| U | American Airlines Receipt |
| V | *United* States *v. Xiamin Huang*, CR18-124 JCC, Judgment at Dkt. No. 149 |

# EXHIBIT S

The Honorable John C. Coughenour

1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

UNITED STATES,

10                             Plaintiff,

11          v.

12   KENNETH JOHN RHULE,

13                             Defendant.

NO. CR 20-105 JCC

SECOND DECLARATION OF
NICHOLAS MARCHI

14

15          Nicholas Marchi declares under penalty of perjury under the laws of the United States

16   that the following is true:

17          1.      I have been an attorney licensed to practice law in the in the State of Washington

18   for 28 years.  My law office is located in Seattle.

19          2.      My primary areas of practice are criminal law and immigration law.  I am a

20   member of the Criminal Justice Act Panel for the United States District Court for the Western

21   District of Washington.

22          3.      I represent Olga Rhule, wife of Kenneth John Rhule, in her removal proceedings

23   before the Immigration Judge.  The goal of the representation has been to obtain an adjustment

SECOND DECLARATION OF NICHOLAS
MARCHI - 1

skellenberbender

1301 - Fifth Avenue, Suite 3401
Seattle, Washington 98101-2605
(206) 623-6501

of Ms. Rhule's status so that she could legally remain in, or return to, the United States to live with her husband.

4.     I advised Ms. Rhule that she could seek voluntary departure under safeguards, and if granted, this would allow her to apply for a visa from Russia through consular processing, based on her husband's approved immigration petition.

5.     It is my opinion that her criminal history would not preclude her from applying for a visa through consular processing.

6.     On August 6, 2020, I appeared with Ms. Rhule before the immigration judge for the scheduled hearing on the merits of her applications for relief from removal. During the course of our merits hearing, I concluded that Ms. Rhule's best avenue for eventual relief and to return to live in the United States with her husband was to request an order of voluntary departure, return to Russia, and then apply for consular processing through an application filed by her husband.

7.     During the August 6, 2020 hearing, the Immigration Judge Charles N. Floyd, who was aware of the facts pertaining to Ms. Rhule's case, including her criminal history, told Ms. Rhule that by taking a voluntary departure, she could attempt to return to the United States through an application for a visa from Russia.

8.     Ms. Rhule elected to make the request for voluntary departure, which was granted.

Dated this 4th day of September, 2020.


_____s/ Nicholas Marchi_____
Nicholas Marchi
WSBA No. 19982


SECOND DECLARATION OF NICHOLAS
MARCHI - 2

skellengerbender

1301 - Fifth Avenue, Suite 3401
Seattle, Washington 98101-2605
(206) 623-6501

# EXHIBIT T

The Honorable John C. Coughenour
United States District Judge
United States Courthouse
700 Stewart Street
Seattle, WA 98101

September 4, 2020

Regarding: Kenneth John Rhule, Case No. 20-cr-105 JCC

Dear Honorable Judge Coughenour,

I am submitting this supplemental letter in support of my husband Ken's reply regarding his motion to review his detention order.

As I stated previously, based on my discussions with my immigration attorney, it was my understanding that I should seek permission for a voluntary departure, return to Russia, and then proceed with consular processing from Russia through Ken's and my approved immigration petition. I believe this will give me the best chance of obtaining legal status in the United States.

At my August 6, 2020 hearing before the immigration judge, I elected to ask for permission for a voluntary departure, which the judge granted. This was the recommendation of my immigration attorney, Nick Marchi.

At the time of my hearing, the immigration judge told me that by taking a voluntary departure, I would be eligible to apply from Russia for discretionary consular relief and a waiver of inadmissibility and excludability, in my effort to obtain legal status in the United States. I plan to apply for relief as soon as possible from Russia as it is my goal to be reunited with my family in the United States, which is my home.

I believe that I will have a good opportunity to be able to apply for a visa to return to the United States because I have been granted a voluntary departure by the immigration judge.

Sincerely,

Olga Rhule

# EXHIBIT U

From: **American Airlines** <no-reply@notify.email.aa.com>
Date: Fri, May 15, 2020 at 1:27 AM
Subject: Your trip confirmation-ZGGZBA 15MAY
To: ███████████████████████



## Your trip confirmation and receipt

Hello Connor Rhule!                    Issued: May 15, 2020

Record locator: **ZGGZBA**

We strongly encourage you to wear a face covering while flying on American, and starting May 11, it will be required during the boarding process and while on board. You also may be required by a local or state government mandate to wear one in the airport where your trip begins, where it ends or where you connect.

You'll need your record locator to find your trip at the kiosk and when you call Reservations.

Manage Your Trip

### Friday, May 15, 2020

PDX        →        DFW        Seats: -- , --
                               Class: Coach (G)

**11:30** AM                  **5:24** PM              Meals:

Portland                      Dallas/Fort Worth

American Airlines 2714

DFW               →           TPA                     Seats:  19D , 19F

**7:05** PM                   **10:29** PM            Class:  Coach (G)

Dallas/Fort Worth             Tampa                   Meals:

American Airlines 2401

Free entertainment with the American app »

---

## Connor Rhule



The AAdvantage MileUP℠ Card
No annual fee. Earn a $50
statement credit + 10,000
bonus miles after qualifying
purchases. Learn more >>

### Earn miles with this trip.

Join AAdvantage »

Ticket # 0012126575633

---

## Kenneth Rhule

### Earn miles with this trip.

Join AAdvantage »

Ticket # 0012126575634

---

# Your trip receipt



American Express XXXXXXXXXXX1001

### Connor Rhule

FARE-USD                                          $ 225.0
TAXES AND CARRIER-IMPOSED FEES                    $ 14.6
**TICKET TOTAL**                                  **$ 239.6**

### Kenneth Rhule

FARE-USD                                          $ 225.0
TAXES AND CARRIER-IMPOSED FEES                    $ 14.6
**TICKET TOTAL**                                  **$ 239.6**


**Hotel offers**


**Car rental offers**


**Buy trip insurance**


**SuperShuttle**





Contact us  |  Privacy policy



Get the American Airlines app

**Baggage Information**

Baggage charges for your itinerary will be governed by American Airlines BAG ALLOWANCE - PDXTPA-NIL/American Airlines1STCHECKED BAG FEE-PDXTPA-USD30.00/American Airlines/UP TO 50 LB/23 KGAND UP TO 62 LINEAR IN/158 LINEAR CM**2NDCHECKED BAG FEE-PDXTPA-USD40.00/American Airlines/UP TO 50 LB/23 KGAND UP TO 62 LINEAR IN/158 LINEAR CM****BAG FEES APPLY AT EACH CHECK IN LOCATIONADDITIONAL ALLOWANCES AND/OR DISCOUNTS MAY APPLY

You have purchased a NON-REFUNDABLE fare. The itinerary must be canceled before the ticketed departure time of the first unused coupon or the ticket has no value. If the fare allows changes, a fee may be assessed for changes and restrictions may apply.

**Some American Airlines check-in counters do not accept cash as a form of payment. For more information, visit our Airport Information page.**

**SERVICE & SUPPORT ANIMAL REQUIREMENTS**

For travel on or after April 1, 2019, the policy for traveling with Emotional Support and Service animals has changed  Visit Traveling with Service Animals for more information.



Some everyday products, like e-cigarettes and aerosol spray starch, can be dangerous when transported on the aircraft in carry-on and/or checked baggage.  Changes in temperature or pressure can cause some items to leak, generate toxic fumes or start a fire.  Carriage of prohibited items may result in fines or in certain cases imprisonment.  Please ensure there are no forbidden hazardous materials in your baggage like:

Some Lithium batteries (e.g. spares in checked baggage, batteries over a certain size), Explosives / Fireworks, Strike anywhere matches/ Lighter fluid,  Compressed gases / Aerosols Oxygen bottles/ Liquid oxygen, Flammable liquids, Pesticides/ Poison, Corrosive material.

There are special exceptions for small quantities (up to 70 ounces total) of medicinal and toilet articles carried in your luggage, spare lithium batteries for most consumer electronic devices in carry-on baggage, and certain smoking materials carried on your person.

Certain items are required to be carried with you onboard the aircraft. For example, spare lithium

batteries for portable electronic devices, cigarette lighters and e-cigarettes must be removed from checked or gate-checked baggage and carried onboard the aircraft. However, e-cigarettes may not be used on-board the aircraft.

Traveling with medical oxygen, liquid oxygen, mobility aids and other assistive devices may require airline pre-approval or be restricted from carriage entirely. Passengers requiring these items should contact the airline operator for information on use of such devices.

To change your reservation, please call 1-800-433-7300 and refer to your record locator.

**NOTICE OF INCORPORATED TERMS OF CONTRACT**

Air Transportation, whether it is domestic or international (including domestic portions of international journeys), is subject to the individual terms of the transporting air carriers, which are herein incorporated by reference and made part of the contract of carriage.  Other carriers on which you may be ticketed may have different conditions of carriage.  International air transportation, including the carrier's liability, may also be governed by applicable tariffs on file with the U.S. and other governments and by the Warsaw Convention, as amended, or by the Montreal Convention.  Incorporated terms may include, but are not restricted to: 1. Rules and limits on liability for personal injury or death, 2. Rules and limits on liability for baggage, including fragile or perishable goods, and availability of excess valuation charges, 3. Claim restrictions, including time periods in which passengers must file a claim or bring an action against the air carrier, 4. Rights on the air carrier to change terms of the contract, 5. Rules on reconfirmation of reservations, check-in times and refusal to carry, 6. Rights of the air carrier and limits on liability for delay or failure to perform service, including schedule changes, substitution of alternate air carriers or aircraft and rerouting.

You can obtain additional information on items 1 through 6 above at any U.S. location where the transporting air carrier's tickets are sold.  You have the right to inspect the full text of each transporting air carrier's terms at its airport and city ticket offices.  You also have the right, upon request, to receive (free of charge) the full text of the applicable terms incorporated by reference from each of the transporting air carriers.  Information on ordering the full text of each air carrier's terms is available at any U.S. location where the air carrier's tickets are sold or you can click on the Conditions of Carriage link below.

Air transportation on American Airlines and the American Eagle carriers® is subject to American's conditions of carriage.

For more on Canada passenger protection regulations visit aa.com/CanadaPassengers.

NOTICE: This email and any information, files or attachments are for the exclusive and confidential use of the intended recipient. This message contains confidential and proprietary information of American Airlines (such as customer and business data) that may not be read, searched, distributed or otherwise used by anyone other than the intended recipient. If you are not an intended recipient, do not read, distribute, or take action in reliance upon this message. Do you think you received this email by mistake? If so, please forward to privacy@aa.com with an explanation, and then delete this message from your computer.

NRID: I6617176642111690179692

# EXHIBIT V

AO245B     (Rev. 11/16) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
Western District of Washington

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| **v.** | |
| XIAMIN HUANG | Case Number:     2:18CR00124JCC-003 |
| | USM Number:     49048-086 |
| | Edgar L. Fankbonner |
| | Defendant's Attorney |

**THE DEFENDANT:**

☒ pleaded guilty to count(s)  1 of the Indictment.

☐ pleaded nolo contendere to count(s) _____

which was accepted by the court.

☐ was found guilty on count(s) _____

after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846 | Conspiracy to Manufacture and Distribute Marijuana | 05/16/2018 | 1 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is     ☐ are   dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

Assistant United States Attorney, Joseph C. Silvio

June 18, 2019

Date of Imposition of Judgment

Signature of Judge

The Honorable John C. Coughenour
United States District Judge

Name and Title of Judge

6/18/19

Date

AO245B    (Rev. 11/16) Judgment in a Criminal Case
          Sheet 2 — Imprisonment

DEFENDANT:     **XIAMIN HUANG**
CASE NUMBER:   2:18CR00124JCC-003

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

Twenty-four (24) Months.

☐    The court makes the following recommendations to the Bureau of Prisons:


☐    The defendant is remanded to the custody of the United States Marshal.

☐    The defendant shall surrender to the United States Marshal for this district:

    ☐    at _____ ☐ a.m.   ☐ p.m.   on _____ .

    ☐    as notified by the United States Marshal.

☐    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐    before 2 p.m. on _____ .

    ☐    as notified by the United States Marshal.

    ☐    as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.


_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO245B    (Rev. 11/16) Judgment in a Criminal Case
          Sheet 3 — Supervised Release

DEFENDANT:  **XIAMIN HUANG**
CASE NUMBER:  2:18CR00124JCC-003

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of :

*two (2) years*

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☒ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☒ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached pages.

AO245B    (Rev. 11/16) Judgment in a Criminal Case
Sheet 3A — Supervised Release

DEFENDANT:    **XIAMIN HUANG**
CASE NUMBER:    2:18CR00124JCC-003

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.    You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.    After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3.    You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.    You must answer truthfully the questions asked by your probation officer.
5.    You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.    You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7.    You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.    You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.    If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10.    You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11.    You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12.    If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13.    You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at www.uscourts.gov.

Defendant's Signature _____    Date _____

AO245B     (Rev. 11/16) Judgment in a Criminal Case
           Sheet 3D — Supervised Release
_____
                                                                              Judgment — Page **5** of 7
DEFENDANT:     **XIAMIN HUANG**
CASE NUMBER:   2:18CR00124JCC-003

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall submit his or her person, property, house, residence, storage unit, vehicle, papers,
   computers (as defined in 18 U.S.C. §1030(e)(1)), other electronic communications or data storage
   devices or media, or office, to a search conducted by a United States probation officer, at a reasonable
   time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a
   violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The
   defendant shall warn any other occupants that the premises may be subject to searches pursuant to this
   condition.

2. The defendant shall provide the probation officer with access to any requested financial information
   including authorization to conduct credit checks and obtain copies of the defendant's federal income tax
   returns.

3. The defendant shall disclose all assets and liabilities to the probation office. The defendant shall not
   transfer, sell, give away, or otherwise convey any asset, without first consulting with the probation office.

4. If the defendant maintains interest in any business or enterprise, the defendant shall, upon request, surrender and/or
   make available, for review, all documents and records of said business or enterprise to the probation office.

5. The defendant shall maintain a single checking account in his or her name. The defendant shall deposit into this
   account all income, monetary gains, or other pecuniary proceeds, and make use of this account for payment of all
   personal expenses. This account, and all other bank accounts, must be disclosed to the probation office.

AO245B    (Rev. 11/16) Judgment in a Criminal Case
          Sheet 5 — Criminal Monetary Penalties

Judgment — Page **6** of **7**

DEFENDANT:      **XIAMIN HUANG**
CASE NUMBER:    2:18CR00124JCC-003

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | JVTA Assessment* | Fine | Restitution |
|---|---|---|---|---|
| TOTALS | $  100 | N/A | Waived | N/A |

☐  The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |
| TOTALS | $  0.00 | $  0.00 | |

☐  Restitution amount ordered pursuant to plea agreement $ _____

☐  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐  The court determined that the defendant does not have the ability to pay interest and it is ordered that:
    ☐  the interest requirement is waived for the    ☐  fine    ☐  restitution
    ☐  the interest requirement for the    ☐  fine    ☐  restitution is modified as follows:

☒  The court finds the defendant is financially unable and is unlikely to become able to pay a fine and, accordingly, the imposition of a fine is waived.

  *  Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
  ** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO245B     (Rev. 11/16) Judgment in a Criminal Case
           Sheet 6 — Schedule of Payments

DEFENDANT:     **XIAMIN HUANG**
CASE NUMBER:     2:18CR00124JCC-003

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

☒     PAYMENT IS DUE IMMEDIATELY.  Any unpaid amount shall be paid to
Clerk's Office, United States District Court, 700 Stewart Street, Seattle, WA 98101.

   ☒     During the period of imprisonment, no less than 25% of their inmate gross monthly income or $25.00 per quarter, whichever is greater, to be collected and disbursed in accordance with the Inmate Financial Responsibility Program.

   ☒     During the period of supervised release, in monthly installments amounting to not less than 10% of the defendant's gross monthly household income, to commence 30 days after release from imprisonment.

   ☐     During the period of probation, in monthly installments amounting to not less than 10% of the defendant's gross monthly household income, to commence 30 days after the date of this judgment.

The payment schedule above is the minimum amount that the defendant is expected to pay towards the monetary penalties imposed by the Court. The defendant shall pay more than the amount established whenever possible.  The defendant must notify the Court, the United States Probation Office, and the United States Attorney's Office of any material change in the defendant's financial circumstances that might affect the ability to pay restitution.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program are made to the United States District Court, Western District of Washington. For restitution payments, the Clerk of the Court is to forward money received to the party(ies) designated to receive restitution specified on the Criminal Monetaries (Sheet 5) page.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐     Joint and Several

   Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐     The defendant shall pay the cost of prosecution.

☐     The defendant shall pay the following court cost(s):

☒     The defendant shall forfeit the defendant's interest in the following property to the United States:
   As detailed in the Plea Agreement and the Preliminary Order of Forfeiture.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA Assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.