The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> KENNETH JOHN RHULE, <br><br> Defendant. | NO. CR20-105 JCC <br><br> STIPULATED MOTION FOR ENTRY OF DISCOVERY PROTECTIVE ORDER <br><br> NOTING DATE: |

The United States of America, by and through Brian Moran, United States Attorney for the Western District of Washington, and Marie M. Dalton, Assistant United States Attorney for said District, and Defendant KENNETH JOHN RHULE, and his attorney Peter Offenbecher, hereby file this Stipulated Motion for Entry of a Discovery Protective Order.

The Defendant KENNETH JOHN RHULE is charged by Indictment with Conspiracy to Manufacture and Distribute Marijuana and Marijuana Distillates, in violation of Title 21, United States Code, Sections 841 and 846.

The government has produced discovery to Mr. Offenbecher, consistent with its discovery obligations. The discovery in this case contains sensitive information about witnesses and co-defendants, including a substantial volume of documents containing confidential personal and financial information relating to a number of individuals,

STIPULATED MOTION FOR PROTECTIVE ORDER - 1
*United States v. Rhule*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

including, but not limited to, the Defendant's co-conspirators, other witnesses in this matter, and Defendant himself. This discovery contains dates of birth, social security numbers, driver's license numbers, addresses, telephone numbers, bank account numbers, credit card numbers, and criminal records. A significant percentage of the production, for example, contains bank records or criminal records related to the Defendant's co-defendant, KENNETH WARREN RHULE, and others who were involved in the Defendant's alleged marijuana operations.

Disclosure of this personal and sensitive information should be limited as set forth in the proposed Discovery Protective Order, both to protect these individuals' dignity and privacy, and to ensure others' sensitive information is not exposed unnecessarily. Moreover, the volume of documentation that has been produced is substantial. The resource demands associated with redacting all the confidential personal and financial information would be significant and would have resulted in a delay in production. A protective order would alleviate the need to expend those resources and facilitated speedier production to defense counsel.

The parties thus request that the Discovery Protective Order require that the items listed above not be disseminated to anyone other than counsel and members of the Defendant's litigation and investigative team. As proposed in the Protective Order, defense counsel and the litigation team may show and display the items listed and marked as Protected Material to the Defendant, but may not otherwise provide a copy of the Protected Material to the Defendant or third parties to keep and maintain in their possession. Consistent with the proposed Protective Order, defense counsel may also provide electronic copies of any Protected Material to the Education Department in the Federal Detention Center at SeaTac, Washington, along with a completed copy of the FDC's Electronic Discovery and Legal Material Authorization Form. Defendant will not be permitted to have a copy of this material in his cell, but may review it at the FDC Education Department pursuant to BOP and FDC SeaTac's policies and procedures.

STIPULATED MOTION FOR PROTECTIVE ORDER - 2
*United States v. Rhule*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Members of the defense team shall provide written consent and acknowledgement that they will each be bound by the terms and conditions of this Protective Order. The written consent need not be disclosed or produced to the United States unless requested by the Assistant United States Attorney and ordered by the Court.

Any Protected Material that is filed with the Court in connection with pre-trial motions, trial, sentencing, or other matter before this Court, shall be filed under seal and remain sealed until otherwise ordered by this Court. This does not entitle either party to seal their filings as a matter of course. The parties are required to comply in all respects to the relevant local and federal rules of criminal procedure pertaining to the sealing of court documents.

Any violation of any term or condition of the Proposed Order by the Defendant, their attorney of record, any members of the defense team, or any attorney for the United States Attorney's Office for the Western District of Washington, may be held in contempt of court, and/or may be subject to monetary or other sanctions as deemed appropriate by this Court.

For these reasons, the parties request this Court to authorize the proposed Discovery Protective Order.

Dated this 3rd day of November, 2020.

Respectfully submitted,

BRIAN MORAN
United States Attorney

/s/   *Marie M. Dalton*
MARIE M. DALTON
Assistant United States Attorney
United States Attorney's Office
7000 Stewart Street, Suite 5200
Seattle, WA 98101
Telephone: (206) 553-1511
Email: Marie.Dalton2@usdoj.gov

STIPULATED MOTION FOR PROTECTIVE ORDER - 3
*United States v. Rhule*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

| | |
|---|---|
| 1 | Peter Offenbecher, Esq. |
| 2 | Counsel for Kenneth John Rhule |
| 3 | |
| 4 | */s/ Peter Offenbecher*<br>PETER OFFENBECHER |

STIPULATED MOTION FOR PROTECTIVE ORDER - 4
*United States v. Rhule*