THE HONORABLE JOHN C. COUGHENOUR

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>KENNETH JOHN RHULE,<br><br>　　　　　　Defendant. | CASE NO. CR20-0105-JCC-2<br><br>ORDER |

This matter comes before the Court on Defendant Kenneth John Rhule and the Government's stipulated motion for protective order (Dkt. No. 83). Having thoroughly considered the motion and the relevant record, the Court hereby GRANTS the motion and ORDERS the following:

## **DISCOVERY PROTECTIVE ORDER**

**A.　Definitions**

　　As used in this Order, the term "Protected Information" means any date of birth, Social Security number, driver's license number, bank account number, credit card number, personal identification number, address, telephone number, name and/or location of employment, criminal history record, background check, undercover agent identity, and/or any other similar information or number implicating a privacy interest of and belonging to an individual, business, partnership, or corporation.

　　As used in this Order, the term "Protected Material" means any document or other record containing or reflecting Protected Information.

ORDER
CR20-0105-JCC-2
PAGE - 1

### B. Permissible Disclosure of Protected Information and Protected Material

The United States will make available copies of the Protected Material, including those filed under seal, to defense counsel to comply with the government's discovery obligations. Possession of the Protected Material is limited to defense counsel, his investigators, paralegals, assistants, law clerks, and experts (hereinafter collectively referred to as "members of the defense team").

Members of the defense team may review Protected Information and/or Protected Material with the Defendant. The Defendant may visually inspect and review such documents but shall not be allowed to possess Protected Information (such as unredacted copies of Protected Material, notes, copies, or photographs of such Protected Material containing Protected Information). The Defendant may possess documents from which all Protected Information has been redacted. Notwithstanding the terms of this Order, defense counsel may provide electronic copies of any Protected Material to the Education Department in the Federal Detention Center at SeaTac, Washington, along with a completed copy of the FDC's Electronic Discovery and Legal Material Authorization Form. Defendant will not be permitted to have a copy of this material in his cell, but may review it at the FDC Education Department pursuant to BOP and FDC SeaTac's policies and procedures.

Members of the defense team may review or discuss the contents of documents containing Protected Material with any prospective witness, as long as they do not share the unredacted documents or any Protected Information with any prospective witness.

### C. Consent to Terms of Protective Order

The attorney of record for the Defendant is required, prior to disseminating any copies of the Protected Material to permitted recipients, such as other members of the defense team, to provide a copy of this Protective Order to those permitted recipients, and to obtain the written consent by those recipients to the terms and conditions of this Protective Order. Such written consent shall not, however, be required with respect to members of the defense team who are employed by the same office as the attorney of record; in such case, it shall be sufficient for the attorney of record to provide a copy of this Protective Order to such other members of the defense team and to remind them of their obligations under the Order. The written consent need

not be disclosed or produced to the United States unless requested by the United States Attorney's Office for the Western District of Washington and ordered by the Court.

**D.     Parties' Reciprocal Discovery Obligations**

Nothing in this order should be construed as imposing any discovery obligations on the government or the Defendant that are different from those imposed by case law and Rule 16 of the Federal Rules of Criminal Procedure, and the Local Criminal Rules.

**E.     Filing of Protected Material**

Any Protected Material that is filed with the Court in connection with pretrial motions, trial, sentencing, or other matter before this Court, shall be filed under seal and shall remain sealed until otherwise ordered by this Court. This does not entitle either party to seal their filings as a matter of course. The parties are required to comply in all respects to the relevant local and federal rules of criminal procedure pertaining to the sealing of court documents.

**F.     Maintenance**

Members of the defense team shall keep any Protected Material secured whenever the Protected Material is not being used in furtherance of their work in the above-captioned case. All documents containing Protected Material shall be maintained securely solely in the possession of defense counsel's law firm once all charges are resolved by dismissal or by final conviction. The provisions of this Order shall not terminate at the conclusion of this prosecution.

**G.     Modification**

The parties agree that this Protective Order may be modified, as necessary, by filing with the Court a Stipulated Order Modifying the Protective Order, or by further order of the Court.

DATED this 19th day of November 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE