The Honorable John C. Coughenour
The Honorable Brian A. Tsuchida

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES,

               Plaintiff,

   v.

KENNETH JOHN RHULE,

               Defendant.

NO. CR 20 -105 JCC

MOTION TO REOPEN DETENTION
HEARING UNDER 18 U.S.C. § 3142 DUE
TO CHANGE IN MATERIAL FACTS

**NOTE ON MOTION CALENDAR:
JANUARY 1, 2021**

## I.    INTRODUCTION AND STATEMENT OF THE CASE

On October 8, 2020, this Court entered an Order (Dkt. No. 75) denying Defendant Kenneth John Rhule's motion to revoke United States Magistrate Judge Brian Tsuchida's order detaining Mr. Rhule before trial.  *See* Dkt. No. 61.  Mr. Rhule now moves to reopen his detention hearing before Magistrate Judge Tsuchida, or, in the alternative, for reconsideration of that Order, as authorized by 18 U.S.C. § 3142(f)[1] and § 3142(i), for the following reasons, which were not known to the movant or the Court at the time of the hearing and that have a

---

[1] The relevant language from this provision of the Bail Reform Act provides: "The hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f).

MOTION TO REOPEN DETENTION HEARING
UNDER 18 U.S.C. § 3142 DUE TO CHANGE IN
MATERIAL FACTS – 1

3255365

skellenger bender

1301 - Fifth Avenue, Suite 3401
Seattle, Washington 98101-2605
(206) 623-6501

material bearing on the issues presented: (1) many of the facts proffered by the government to the pretrial services officer, the Magistrate Judge, and this Court, and relied upon by both courts in making their determinations, have turned out to be either false, misleading, or grossly exaggerated; (2) the dramatic escalation of the outbreak of the COVID-19 virus at FDC SeaTac presents a now unreasonable risk of death or serious permanent injury to Mr. Rhule when viewed against the seriousness of Mr. Rhule's involvement in the charged offense and the very slim likelihood of Mr. Rhule even attempting to flee, much less the very extraordinary unlikelihood of Mr. Rhule being successful in any such attempt; and (3) the FDC's total lockdown of telephonic and video communication with Mr. Rhule has resulted in an inability to prepare for trial that was previously unanticipated by the Court.

For these reasons, the Court should grant this motion and release Mr. Rhule on the very strict conditions suggested in his earlier pleadings,[2] *see* Dkt. Nos. 61, 69, or at the least reopen the detention hearing.

Counsel certifies, under General Order 03-20, that counsel has conferred telephonically with the Probation and Pretrial Services Officer Leona Nguyen, and AUSA Marie Dalton, before bringing this motion.  Ms. Nguyen states that the United States Probation Office maintains its position that Mr. Rhule should be released on conditions.[3]  Ms. Dalton has indicated that the government opposes this motion.

[2] Avoid contact with any potential co-defendant or witness (excepting your son Kenneth Warren Rhule, with whom you may not discuss the pending case); submit to GPS monitoring and comply with all conditions of that program; follow all applicable COVID-19 directives; release to the third-party custody of his mother Johanna Rhule and sister Keri Street, both of whom agree to monitor his compliance and report any violations to Pretrial Services; an appearance bond worth $600,000 ($400,000 secured by his parents' residence, and $200,000 secured by his sister's family's residence); surrender all travel documents (Mr. Rhule does not have any) and refrain from seeking new ones; an agreement that if Mr. Rhule fails to appear, then he, his wife Olga Rhule, and his son and co-defendant Kenneth Warren Rhule forfeit all their interest in all the real and personal property identified in the FORFEITURE ALLEGATIONS section of the Indictment; home confinement; internet access to be restricted or prohibited, to whatever extent Pretrial Services deems appropriate. Dkt. 61 at pages 23-27.

[3] Indeed, the USPO was so confident that Mr. Rhule should and would be released, that—in the middle of the detention hearing—the assigned USPO emailed undersigned counsel asking who would be picking Mr. Rhule up from the courthouse that day, and asking what phone number they would be able to reach him at after his release from the hearing. Neither of the pretrial officers at the Magistrate Judge level or at the district court review level have requested conditions of release nearly as strict and tight as those offered by the defense.

MOTION TO REOPEN DETENTION HEARING
UNDER 18 U.S.C. § 3142 DUE TO CHANGE IN
MATERIAL FACTS – 2

skellengerbender

1301 - Fifth Avenue, Suite 3401
Seattle, Washington 98101-2605
(206) 623-6501

3255365

## II.      STATEMENT OF CASE

The Court is familiar from the prior pleadings with the general facts of the case and the pending single charge against Mr. Rhule in the Indictment for conspiracy to manufacture and distribute marijuana and marijuana distillates.  *See* Dkt. 31, Indictment, Count 8.  By contrast, the co-defendant Kenneth Warren Rhule, Mr. Rhule's son, is charged in *all* counts in the Indictment, including a § 924(c) count for possessing a firearm during and in relation to a drug-trafficking crime, and six counts of money laundering.  Nevertheless, Kenneth Warren Rhule remains out of custody, released by Magistrate Judge Peterson since April 2020 on conditions far less onerous than those proposed here.

## III.    REASONS WHY THE COURT SHOULD REOPEN THE DETENTION HEARING

### A.      The Government's Discovery Either Directly Contradicts or Fails to Support Many of the Factual Assertions in its Briefs Which Were Relied Upon by the Court in Detaining Mr. Rhule.

The government's discovery either directly contradicts or fails to support many of the factual assertions in its briefs which were relied upon by the Court in detaining Mr. Rhule.  A few examples follow.

#### 1.      The Government's Assertion that Mr. Rhule Opened a Coinbase Bitcoin Account with a False Social Security Number is False.

Responding to the motion for review of the detention order, the government stated:

> The Defendant has used a fake social security number to avoid associating his financial accounts with his true identity. For example, the Defendant opened an account at Coinbase, an online cryptocurrency wallet provider, in the name of "Kenneth Rhule," listing a social security number not associated with him.

Government's Response, Dkt. No. 64, at 17.

This assertion is false.  There is actually another person named Kenneth Rhule, who is a convicted felon living in West Palm Beach, Florida, who opened this Coinbase account, who was using this social security number, and who, according to his LinkedIn page is a Restaurant Wholesale Professional:

MOTION TO REOPEN DETENTION HEARING
UNDER 18 U.S.C. § 3142 DUE TO CHANGE IN
MATERIAL FACTS – 3

3255365

skellengerbender

1301 - Fifth Avenue, Suite 3401
Seattle, Washington 98101-2605
(206) 623-6501

1

2

3

4

5

6

7    Here is a photo of the Florida convicted felon Kenneth Rhule who opened a Coinbase account

8    using a different social security number than the Kenneth John Rhule in the case before this

9    Court:

10



11

12

13

14

15

16

17

18          As anyone who has met the defendant Kenneth John Rhule can readily see, this is not

19   the Kenneth John Rhule in the case before this Court.  This is not the Kenneth John Rhule in

20   the case before this Court using a fake social security number to open a Coinbase account, as

21   the government has asserted.  It is an altogether different person.  And it seems surprising that

22   the HSI agents doing the investigation in this case did not already know this.

23

MOTION TO REOPEN DETENTION HEARING
UNDER 18 U.S.C. § 3142 DUE TO CHANGE IN
MATERIAL FACTS – 4

3255365

skellengerbender

1301 - Fifth Avenue, Suite 3401
Seattle, Washington 98101-2605
(206) 623-6501

2.     **The Government's Assertion that the Logins in the Xero Accounting System Demonstrate Mr. Kenneth John Rhule's Routine, Continued, and Recent Involvement in the HerbinArtisans Business is False.**

In its Response, the government also alleged that the Defendant's frequent logins on the HerbinArtisans Xero accounting system demonstrated Mr. Rhule's routine, continued, and recent involvement in the HerbinArtisans enterprise:

> In order to track HerbinArtisans' income and expenses, the Defendant and his co-conspirators used cloud-based accounting software. Using this software, the Defendant tracked HerbinArtisans' sale of marijuana products, purchase of bulk marijuana from growers, and employee expenses. In the accounting records, the Defendant is described as the subscriber on the account, which he routinely logged into, including as recently as December 2019.

Government's Response, Dkt. No. 64, at 8.

It may be fair to allege that Mr. Rhule helped establish the Xero account using the krhule@icloud.com login in the early days of HerbinArtisans (circa 2014-15) and may have been marginally involved into early 2016 (approximately January or February 2016) at a time when it was thought to be—correctly or not—a legal medical marijuana operation. However, it is not fair to assert that logins using krhule@icloud.com indicate his continuing involvement as late as 2019, which is the conclusion to which the government has leapt. Even assuming that Kenneth John Rhule established the HerbinAritisans administrative account as krhule@icloud.com, a review of the IP addresses actually used over the past several years demonstrates that this login has since been used by other persons, likely because this admin login could access information and functionality that other more specific accounts could not.

So, below, for example, one can see that "kenny" (who we might assume is the co-defendant Kenneth Warren Rhule) is logging in as both krhule@icloud.com and kenny@herbinartisans.com from his (Kenny's) residence in Bothell. The IP address is identical. Kenneth John Rhule did not live in Bothell. Kenneth Warren Rhule did live in Bothell.

MOTION TO REOPEN DETENTION HEARING
UNDER 18 U.S.C. § 3142 DUE TO CHANGE IN
MATERIAL FACTS – 5

skellengerbender

1301 - Fifth Avenue, Suite 3401
Seattle, Washington 98101-2605
(206) 623-6501

3255365

| _messagetime | ac_username | ac_ip | JSF: IP Address Lookup |
|---|---|---|---|
| 2/19/2019 2:32 | krhule@icloud.com | 50.35.85.237 | Bothell, WA |
| 2/19/2019 2:32 | krhule@icloud.com | 50.35.85.237 | Bothell, WA |
| 2/19/2019 2:32 | krhule@icloud.com | 50.35.85.237 | Bothell, WA |
| 2/19/2019 2:32 | krhule@icloud.com | 50.35.85.237 | Bothell, WA |
| 2/19/2019 2:32 | krhule@icloud.com | 50.35.85.237 | Bothell, WA |
| 2/19/2019 2:32 | krhule@icloud.com | 50.35.85.237 | Bothell, WA |
| 2/19/2019 2:32 | krhule@icloud.com | 50.35.85.237 | Bothell, WA |
| 2/19/2019 2:32 | krhule@icloud.com | 50.35.85.237 | Bothell, WA |
| 2/19/2019 2:32 | krhule@icloud.com | 50.35.85.237 | Bothell, WA |
| 2/19/2019 2:32 | krhule@icloud.com | 50.35.85.237 | Bothell, WA |
| 2/19/2019 2:32 | krhule@icloud.com | 50.35.85.237 | Bothell, WA |
| 2/19/2019 2:32 | krhule@icloud.com | 50.35.85.237 | Bothell, WA |
| 2/19/2019 2:33 | krhule@icloud.com | 50.35.85.237 | Bothell, WA |
| 2/19/2019 2:33 | krhule@icloud.com | 50.35.85.237 | Bothell, WA |
| 2/19/2019 3:12 | kenny@herbinartisans.com | 50.35.85.237 | Bothell, WA |
| 2/19/2019 3:12 | kenny@herbinartisans.com | 50.35.85.237 | Bothell, WA |
| 2/19/2019 3:12 | kenny@herbinartisans.com | 50.35.85.237 | Bothell, WA |
| 2/19/2019 3:12 | kenny@herbinartisans.com | 50.35.85.237 | Bothell, WA |
| 2/19/2019 3:12 | kenny@herbinartisans.com | 50.35.85.237 | Bothell, WA |
| 2/19/2019 3:12 | kenny@herbinartisans.com | 50.35.85.237 | Bothell, WA |
| 2/19/2019 3:12 | kenny@herbinartisans.com | 50.35.85.237 | Bothell, WA |
| 2/19/2019 3:12 | kenny@herbinartisans.com | 50.35.85.237 | Bothell, WA |

These are logins from Kenny's IP address using the admin login, not Kenneth John Rhule checking the books or participating in any way in the HerbinArtisans business in 2019, as the government suggests.

Below is another example of the krhule@icloud.com admin account being used by someone else:

| _messagetime | ac_username | ac_ip | JSF: IP Address Lookup |
|---|---|---|---|
| 7/17/2019 20:21 | krhule@icloud.com | 181.214.40.17 | Brazil |
| 7/17/2019 20:21 | krhule@icloud.com | 181.214.40.17 | Brazil |
| 7/17/2019 20:21 | krhule@icloud.com | 181.214.40.17 | Brazil |
| 7/17/2019 20:21 | krhule@icloud.com | 181.214.40.17 | Brazil |
| 7/17/2019 20:21 | krhule@icloud.com | 181.214.40.17 | Brazil |
| 7/17/2019 20:21 | krhule@icloud.com | 181.214.40.17 | Brazil |
| 7/17/2019 20:21 | krhule@icloud.com | 181.214.40.17 | Brazil |
| 7/17/2019 20:21 | krhule@icloud.com | 181.214.40.17 | Brazil |
| 7/17/2019 20:22 | krhule@icloud.com | 181.214.40.17 | Brazil |
| 7/17/2019 20:22 | krhule@icloud.com | 181.214.40.17 | Brazil |

In this instance, someone is logging in from the country of Brazil using krhule@icloud.com.  Kenneth John Rhule's passport expired in 2016.  He has never travelled to Brazil.  (It may be that Kenneth Warren Rhule did travel to Brazil at this time, a simple matter for Homeland Security Investigators to determine.)  This is another example of someone else using the admin login krhule@icloud.com to check the account.  Whoever it is, it is quite clearly

MOTION TO REOPEN DETENTION HEARING
UNDER 18 U.S.C. § 3142 DUE TO CHANGE IN
MATERIAL FACTS – 6

3255365

skellengerbender

1301 - Fifth Avenue, Suite 3401
Seattle, Washington 98101-2605
(206) 623-6501

not Kenneth John Rhule.  It is not—as argued by the government and adopted by the Court—evidence of this defendant's involvement in the operation as late as July 2019.

Another example shows that Erik Cruz—an acknowledged apparent employee of HerbinArtisans—was using the krhule@icloud.com admin login.  One can see that on this day, Erik Cruz was sometimes using his own login (erik@herbinartisans.com) and sometimes using the admin login, krhule@icloud.com.   But all the logins are from the same IP address in Arlington where Erik Cruz lived or was staying at the time.

This is quite clearly not Kenneth John Rhule.  Therefore, this log in information is not—as the government has repeatedly asserted in its pleadings and upon which the Court has relied—evidence of his continued, and recent involvement in the operations of HerbinArtisans.

   **3.**  **The HerbinArtisans Organizational Chart Showing Kenneth John Rhule as CEO is an Artifact of Limited Significance and is in Fact Misleading if Offered—as it has been by the Government—as Evidence of Mr. Rhule's Recent or Continuing Involvement in this Marijuana Operation.**

In its Response, the government asserted that Mr. Rhule had a current operational and leadership position in HerbinArtisans and offered an organizational diagram to the Court as evidence thereof:

MOTION TO REOPEN DETENTION HEARING
UNDER 18 U.S.C. § 3142 DUE TO CHANGE IN
MATERIAL FACTS – 7

**skellenger**bender

1301 - Fifth Avenue, Suite 3401
Seattle, Washington 98101-2605
(206) 623-6501

3255365

1

2

Agents also located a self-drafted organizational chart, found on KENNETH WARREN RHULE's laptop and the HerbinArtisans Google account, showing that the Defendant served as the CEO of this operation, overseeing multiple employees.

3

Government's Response, Dkt. No. 64 at page 7.

4

5

6

7

8

9

10



11

RHULE_00020633.

12

However, contrary to the government's assertion, this diagram has no significance as

13

any indication of Kenneth John Rhule's recent or current level of involvement.  This is because

14

the metadata for the chart shows the chart is a JPG image, that the photo was taken on

15

1/18/2016, and that its creator was Kenneth Warren Rhule, not the Defendant Kenneth John

Rhule.

16

17

18

19

20

ID: 0BxPvyX1a5bkRTEZ0NIV3a2JkdHEzX3FCd2FWSjQ1djVlZEl
Creator: kenny@herbinartisans.com
Owner: kenny@herbinartisans.com
Created Date: January 18, 2016 at 6:26 PM UTC
ACL Owner: kenny@herbinartisans.com
ACL Readers: /hd/domain/herbinartisans.com, dankdana@herbinartisans.com, erik@herbinartisans.com
ACL Writers: lacey@herbinartisans.com, jesse@herbinartisans.com, ken@herbinartisans.com,
seth@herbinartisans.com, craig@herbinartisans.com
Visibility State: PUBLIC
Is Trashed: false
Title: IMG_3183.JPG
Parents: 0BxPvyX1a5blRU1BzTmczLWJweVk

21

Rhule_00007179.

22

23

MOTION TO REOPEN DETENTION HEARING
UNDER 18 U.S.C. § 3142 DUE TO CHANGE IN
MATERIAL FACTS – 8

skellengerbender

1301 - Fifth Avenue, Suite 3401
Seattle, Washington 98101-2605
(206) 623-6501

4. **The Sensational "Thumb Drive Taped to the Bottom of the Chair With $200,000 of Bitcoin Wallets" Story, Asserted by the Government to the Pretrial Services Officer, and then Twice Relied upon by the Court in Detaining Mr. Rhule, is Apocryphal, at Best.**

According to the pretrial services report, the government lawyer alleged to PTS that the searching HSI agents found a thumb drive containing $200,000 of bitcoin wallets taped to the bottom of a chair in Mr. Rhule's living room. (See W.D. Wash. PSR at 3.) This colorful cloak-and-dagger fact was then relied upon by this Court twice in its Order to justify Mr. Rhule's detention:

> already decided to abandon his property in the United States. The appearance bond secured by his family members' residences is perhaps the most compelling condition, but given Mr. Rhule's assets, he could easily reimburse them for any loss. Indeed, the Government found a thumb drive containing over $200,000 worth of cryptocurrency—i.e., the entire value of his sister's home—taped to the bottom of a chair in his living room. Nor will assigning his mother and sister as

Dkt. 75 at 12.

> 16   abroad. (*See* Dkt. No. 64 at 20–23.) Mr. Rhule also stored cryptocurrency on physical hardware
> 17   wallets, such as the thumb drive found taped to the bottom of a chair in his living room
> 18   containing cryptocurrency worth more than $200,000. (*See* W.D. Wash. PSR at 3.) The
> 19   Government has seized only "a small fraction of the total bitcoins paid by customers" to Mr.

Dkt. 75 at 8.

Yet any report of this sensational finding is not to be found in the hundreds of thousands of pages of official reports of the case and the reports of the search of the premises. Counsel and his colleagues and staff have been unable to locate any reference to this "bitcoin-thumb-drive-taped-to-the-bottom-of-the-chair" story in the discovery. When asked about this, the government pointed counsel to reports regarding the search of the Monroe property which contain no reference to thumb drives taped to the bottoms of chairs. Surely, a trained federal

MOTION TO REOPEN DETENTION HEARING
UNDER 18 U.S.C. § 3142 DUE TO CHANGE IN
MATERIAL FACTS – 9

skellengerbender

1301 - Fifth Avenue, Suite 3401
Seattle, Washington 98101-2605
(206) 623-6501

3255365

law enforcement agent who actually made this spectacular discovery would want to memorialize it by at least mentioning the find in his or her report.

This bold assertion—relied upon by the Court twice in its decision—leads one to yet again question the agents' disconcerting carelessness with the facts when making representations to the United States Attorney's Office in the detention hearing context. The agents have apparently repeatedly misrepresented facts to the government. *See also* Defendant's Reply, Dkt. 69 at 9 and fn. 30 (referring, *inter alia,* to the vigorous assertion of the missing "second plane he will escape to Russia in" argument before the Magistrate Judge, which then had to be abandoned when the photographs of a block of cement in the second plane's engine cowling surfaced). A number of other factual assertions generated by the agents and passed on to the Court along the way to influence the Court's detention decision have turned out to be recklessly false, misleading, or, alternatively, to be facts of no consequence at all.[4]

---

[4] By way of example, in its Order, the Court noted that Mr. Rhule's social security number 'is associated' with the name Leah Rhule and was issued in Washington in 1990. (Hawaii PSR at 2.) Although apparently considered by the Court as such, neither fact is evidence of fraud. Leah Rhule is Mr. Rhule's ex-wife; since they were married at age 17 and owned property and bank accounts together, it is not at all remarkable that her name is associated with his social security number. The fact that Mr. Rhule's "social security number was issued fifteen years after Mr. Rhule was born," Dkt. No. 75 at 10, also apparently cited by the Court as evidence of fraud, is also unremarkable. For most of our history, social security numbers were routinely issued to individuals in their mid-teens as they entered the work force; it is only since 1986-87 that social security numbers have been issued at birth. *See* https://en.wikipedia.org/wiki/Social_Security_number#cite_note-7 ("Before 1986, people often did not obtain a Social Security number until the age of about 14"). Finally, the government's repeated assertion that Mr. Rhule shared in the allegedly prodigious income of HerbinArtisans—therefore supporting the assertion that he is a flight risk, a fact and conclusion adopted by the Court in its Order—turns out to not be supported by the discovery. Despite having seized huge volumes of detailed financial records—including payroll and income statements—counsel are unable to find evidence that any significant financial resources of this enterprise were diverted to Mr. Rhule.

MOTION TO REOPEN DETENTION HEARING
UNDER 18 U.S.C. § 3142 DUE TO CHANGE IN
MATERIAL FACTS – 10

**skellenger**bender

1301 - Fifth Avenue, Suite 3401
Seattle, Washington 98101-2605
(206) 623-6501

3255365

**B.      The Escalation of the COVID Outbreak at the FDC Presents a Now Unreasonable Risk of Death or Serious Permanent Injury When Viewed Against the Very Slight Possibility of Flight.**

The FDC is experiencing a severe outbreak of COVID-19.[5]  Conditions at FDC SeaTac are grim.[6]  Mr. Rhule's medical condition has changed dramatically.  *See* email from AUSA Marie Dalton, dated December 15, 2020, at Exhibit A.  Mr. Rhule has been placed in an isolation unit and is being held incommunicado as far as his counsel and his family, dramatically impairing his ability to prepare his case for trial.[7]  The dramatic escalation of the outbreak of the COVID-19 virus at FDC SeaTac and Mr. Rhule's current medical situation present a now-unreasonable risk of death or serious permanent injury to Mr. Rhule when viewed against the seriousness of Mr. Rhule's involvement in this charged *non-violent offense* and the very slim likelihood of Mr. Rhule even attempting to flee, much less the even more very extraordinary unlikelihood of Mr. Rhule ever being successful in any such attempt.

---

[5] As of December 23, 2020, 133 prisoners and 8 staff have tested positive at FDC SeaTac. Federal Bureau of Prisons, https://www.bop.gov/coronavirus (last visited December 23, 2020). Among BOP facilities, FDC ranks fifteenth in the highest numbers of inmate infections in the nation. *Id.*  These numbers are likely to be an underestimate because the FDC has not conducted widespread testing of inmates. Since the last detention determination, FDC's COVID-19 outbreak has grown exponentially worse.  The COVID-19 public health emergency provides an appropriate basis to revisit past detention decisions. *See, e.g., United States v. Stephens,* __ F. Supp. 3d __, 2020 WL 1295155 (S.D.N.Y. Mar. 19, 2020) (reopening detention hearing under § 3142(f) noting, in part, that the magnitude of the risk associated with the coronavirus has grown exponentially for detained inmates).

[6] *See* Letter from Ken Rhule's sister, Keri Street, attached as Exhibit B. Clients report abhorrent conditions with no opportunity to engage in social distancing or practice basic hygiene. The danger to inmates such as Mr. Rhule is neither speculative nor theoretical. 172 inmates have thus far died of COVID-19 in the BOP. Federal Bureau of Prisons, https://www.bop.gov/coronavirus (last visited December 23, 2020). "[J]ails and prisons present extraordinarily dangerous conditions for the spread of the virus." *United States v. Daniels*, No. 19-cr-00709-LHK (NC), 2020 WL 1815342 at *3 (N.D. Cal. April 9, 2020).

[7] Counsel's last WebEx with Mr. Rhule was November 25, the day before Thanksgiving.  Thereafter, WebEx access for Mr. Rhule was cancelled and only phone was permitted. Following a telephone call on December 8, 2020, counsel for Mr. Rhule requested that FDC schedule a legal call for December 10, 2020. Counsel was informed that the jail's legal call schedule was already full for that day, but a call was subsequently scheduled for December 11, 2020.  On December 11, 2020, FDC sent an email to counsel stating that the scheduled call would need to be rescheduled "tentatively for next week," and suggested December 16, 2020. Counsel agreed to the new date.  On December 16, 2020, however, counsel received an email cancelling the call "due to unforeseen circumstances." When counsel attempted to reschedule the call for December 18, 2020, FDC SeaTac staff sent an email to Mr. Rhule's counsel that announced, "Due to unforeseen circumstances, we will not be scheduling for this individual at this time. We are tentatively resuming scheduling on January 4th, 2021." FDC SeaTac has provided counsel no justification for these decisions and has declined to update his medical status.

MOTION TO REOPEN DETENTION HEARING
UNDER 18 U.S.C. § 3142 DUE TO CHANGE IN
MATERIAL FACTS – 11

skellengerbender

1301 - Fifth Avenue, Suite 3401
Seattle, Washington 98101-2605
(206) 623-6501

3255365

As a person with a history of asthma, *see* Dkt. 69 at 13, Mr. Rhule is particularly vulnerable to serious consequences from the virus.  Even if he survives an infection, COVID-19 has lasting impacts on the body.  Many patients suffer debilitating long-term effects, such as lung scarring and reduced lung capacity, abnormal blood clotting that can cause strokes, lung blockages, and heart attacks, cardiac damage leading to heart failure, and a slew of neurological issues.[8]  One study showed that nearly 40% of patients continue to experience shortness of breath 12 weeks after hospital discharge, and another showed that 78% of recovered COVID patients have abnormal cardiovascular MRI findings.[9]  Even for those with a mild to moderate form of the disease, "return to their former health trajectory is slow and painful."[10]

## IV.    CONCLUSION

These new facts regarding the disparity between the government's proffered facts and the actual facts; the now much more serious nature of Mr. Rhule's COVID jeopardy; coupled with his inability to directly communicate with counsel, change the detention calculus and warrant reopening the detention hearing in this non-violent marijuana distillates case.

For the above reasons, this Court should reconsider its earlier Order of detention, or, in the alternative, reopen his detention hearing, as authorized by 18 U.S.C. § 3142(f) and § 3142(i).

Dated this 23rd day of December, 2020.

Peter Offenbecher
WSBA NO. 11920
SKELLENGER BENDER, P.S.
Attorneys for Kenneth John Rhule

---

[8] *See* Lois Parshley, *The emerging long-term complications of Covid-19, explained*, Vox (June 12, 2020), https://www.vox.com/2020/5/8/21251899/coronavirus-long-term-effects-symptoms; *see also What we know (so far) about the long-term health effects of Covid-19*, Advisory Board (June 2, 2020), https://www.advisory.com/daily-briefing/2020/06/02/covid-health-effects.

[9] Dana Yelin et al., "Long-term consequences of COVID-19," *The Lancet* (Sept. 1, 2020), https://www.thelancet.com/journals/laninf/article/PIIS1473-3099(20)30701-5/fulltext.

[10] *Id.*

MOTION TO REOPEN DETENTION HEARING
UNDER 18 U.S.C. § 3142 DUE TO CHANGE IN
MATERIAL FACTS – 12

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

**CERTIFICATE OF SERVICE**

I, Kyle S. Follendorf, certify that on December 23, 2020, I electronically filed the Motion to Reopen Detention Hearing Under 18 U.S.C. § 3142 Due to Change in Material Facts with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

DATED this 23rd day of December, 2020.

Kyle S. Follendorf
SKELLENGER BENDER, P.S.
Paralegal

MOTION TO REOPEN DETENTION HEARING
UNDER 18 U.S.C. § 3142 DUE TO CHANGE IN
MATERIAL FACTS – 13

3255365