The Honorable John C. Coughenour
Chief Magistrate Judge Brian A. Tsuchida

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>KENNETH JOHN RHULE,<br><br>  Defendant. | NO. 20-CR-105 JCC<br><br>DEFENDANT RHULE'S REPLY IN SUPPORT OF MOTION TO REOPEN DETENTION HEARING UNDER 18 U.S.C. § 3142 DUE TO CHANGE IN MATERIAL FACTS<br><br>ORAL ARGUMENT REQUESTED<br><br>Noted for: January 1, 2021 |

**I.   THE GOVERNMENT CONCEDES THE FALSITY OF PROFFERED FACTS—RELIED UPON BY THE COURT—IN ITS PRIOR DETENTION ARGUMENTS.**

The government now concedes that key facts it proffered in support of its detention efforts—and that were ultimately adopted by both judges in their detention rationale—are false. These concessions have not been made spontaneously by the government in compliance with its ethical duty of candor toward the Court. *See* Wash. R. Prof'l Conduct (RPC) 3.3 (prohibiting both making a false statement and failing to correct a false statement previously made, as well as offering false evidence or failing to promptly disclose this fact to the court).[1] Nor have these

---

[1]  RPC 3.3 (CANDOR TOWARD THE TRIBUNAL) states in pertinent part:

(a) A lawyer shall not knowingly:

DEFENDANT RHULE'S REPLY IN SUPPORT OF
MOTION TO REOPEN DETENTION HEARING
UNDER 18 U.S.C. § 3142 DUE TO CHANGE IN
MATERIAL FACTS – 1

skellengerbender
1301 - Fifth Avenue, Suite 3401
Seattle, Washington 98101-2605
(206) 623-6501

concessions been made spontaneously in compliance with the government's obligations pursuant to the Constitution or court rules to provide evidence favorable to the defendant, (*see Brady v. Maryland*, 373 U.S. 83 (1963) and Fed. R. Crim P. 16, Local Rules W.D. Wash. CrR 16); or its obligation to provide any information "material to the preparation of the defense," regardless of whether it is exculpatory or inculpatory.  See Fed. R. Crim P. 16(a)(1)(E)(i).

Instead, these concessions of misrepresentation come only after weeks and months of a time-consuming and tedious defense analysis—largely without the personal assistance of the defendant, who has been incarcerated (often in lockdown and isolation)[2] in a federal jail where a dangerous pandemic continues to spiral out of control—of hundreds of thousands of pages of discovery and an independent investigation of the facts.

Having now acknowledged these false representations, the government now—in an over-length response memorandum—offers up: (1) a new and detailed alternative explanation of the "we-found-$200,000-in-bitcoin-wallets-taped-to-the-bottom-of-his-chair" story[3] that diverts the Court's attention from the concededly and inexplicably false story previously endorsed by the government and adopted by the Court, which new story now affirmatively demonstrates that the Court has nothing to fear from Mr. Rhule's vast bitcoin reserves, since the HSI agents have now placed the bitcoin safely in a 'controlled cold wallet,' Dkt. No. 93 at 15, once again substantially undercutting the government's flight risk arguments by removing the asserted financial resources for any supposed flight; (2) no explanation whatsoever of how a federal law enforcement agent can simply make up a story out of whole cloth about this false

---

(1) make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer; . . .
(4) offer evidence that the lawyer knows to be false. . . . .
(c) If the lawyer has offered material evidence and comes to know of its falsity, the lawyer shall promptly disclose this fact to the tribunal.

[2] Since December 8, 2020, counsel has been permitted only a single "emergency" telephone call with Mr. Rhule, apparently because he has, in the past few days, been removed from an isolation unit, for the time being.

[3] This false bitcoin-on-the-thumb-drive story was not only related to the pretrial services writer, but also re-emphasized by the government lawyer to Judge Tsuchida during oral argument at the detention hearing: "On March 10, 2020, we found, on a thumb drive in Mr. Rhule's residence, bitcoin that was worth approximately $200,000." Dkt. No. 61, Exh. M at 15.

DEFENDANT RHULE'S REPLY IN SUPPORT OF
MOTION TO REOPEN DETENTION HEARING
UNDER 18 U.S.C. § 3142 DUE TO CHANGE IN
MATERIAL FACTS – 2

skellengerbender

1301 - Fifth Avenue, Suite 3401
Seattle, Washington 98101-2605
(206) 623-6501

fact that gets passed on through the AUSA and then adopted by the Court, and now, nine months later, no one noticed it or corrected it until now; (3) no explanation of why federal law enforcement agents acquiring the Coinbase subpoena return failed to check to see if the alleged account in question was in fact related to the defendant in this case before falsely accusing the defendant of using a fake social security number to open a Coinbase account; (4) a two page diagnosis and prognosis of Mr. Rhule's medical condition, coupled with representations about promised future communication opportunities to assure the Court, as it has before, "that SeaTac COVID procedures are working;"[4] (5) a new and detailed analysis of IP addresses that proves nothing about the culpability of this defendant and yet affirmatively demonstrates that other persons have been consistently using the krhule@icloud.com login, which has been the point of the defense argument all along, and none of which adds anything to the government's risk of flight argument; and (6) fails to address the invitation in defendant's motion to demonstrate that this defendant profited at all from the co-defendant's marijuana distillation operation, or disputes any of the other misrepresentations made by the government along the way.[5] *See* Dkt. No. 88, at 11 fn.4.

These changes in the material facts underlying the Court's detention decision warrant the release of the defendant on conditions or, alternatively, a reopening of the detention hearing.

---

[4] *See* Dkt. 61, at Exhibit M (July 24, 2020 Detention Hearing Transcript at 28–29) (where the government emphatically argued that with only two positive tests at the FDC (one staffer and one detainee), "[i]t seems … that SeaTac COVID procedures are working").

[5] The government's repeated assertion that Mr. Rhule shared in the prodigious income of HerbinArtisans—therefore supporting the assertion that he is a flight risk, a fact and conclusion adopted by the Court in its Order—apparently is unsupported by the documentary evidence provided in discovery. The government has provided approximately 150 pages of spreadsheets of the Xero detailed financial records of HerbinArtisans covering the period 2015 through March 2020. There appear to be approximately $22 million dollars of debits and credits during this time, including multimillion-dollar payments to some persons, but only approximately $11,000 to $12,000 to Kenneth John Rhule, all in 2015-early 2016. See RHULE_00331057 (000135342_NATIVE).

DEFENDANT RHULE'S REPLY IN SUPPORT OF
MOTION TO REOPEN DETENTION HEARING
UNDER 18 U.S.C. § 3142 DUE TO CHANGE IN
MATERIAL FACTS – 3

skellengerbender
1301 - Fifth Avenue, Suite 3401
Seattle, Washington 98101-2605
(206) 623-6501

## II. THE LENGTHY IP ADDRESS DISCUSSION IS A RED HERRING DESIGNED TO DISTRACT FROM THE DETENTION ISSUE.

In six pages of its 17-page memorandum, the government attempts to 'clarify' that the Xero logins demonstrate this defendant's continuing involvement up to 2019. For this motion to reopen the detention hearing, the only material propositions regarding this IP address information are: (1) individuals other than this defendant quite clearly were using the krhule@icloud admin login;[6] (2) there is almost no reliable way to prove that any particular login was *not* this defendant by using just IP address information because the co-defendant and his colleagues doing business on the Monroe property (where Mr. Rhule's residence was located) were also using Kenneth John Rhule's Wi-Fi for their internet access; and (3) this distraction has little to do with the detention decision since "the weight of the evidence against the accused with respect to the charged offense is the least important factor in [the detention] analysis." *United States v. Motamedi*, 767 F.2d 1403, 1408 (9th Cir. 1985).

## III. THE GOVERNMENT'S PREDICTIONS OF THE FDC'S ABILITY TO MANAGE THE PANDEMIC MEDICAL SITUATION HAVE BEEN WRONG FROM DAY ONE.

At the detention hearing, the government assured the Court that Mr. Rhule faced no imminent medical risk being locked up at FDC SeaTac, because the facility's procedures were effectively preventing or containing any COVID-19 outbreaks. *See* Dkt. No. 61 at Exhibit M (July 24, 2020 Detention Hearing Transcript at 28–29) (emphasizing that with only two positive tests at the FDC, "[i]t seems … that SeaTac COVID procedures are working"). This self-serving prediction was wrong. The current infection count is not *two* persons, but rather over *two hundred* persons. Mr. Rhule has now been kept in pretrial custody at the FDC long enough to get the COVID-19 virus. Interestingly, the government now argues there is no urgency to release him, since he has already been sick, blithely ignoring the abundant emerging evidence

---

[6] For example, one can see Erik Cruz, logging in from his home in Arlington on both erik@herbinartisans and krhule@icloud on the same day; Kenneth Warren Rhule, logging in from his home in Bothell on both kenny@herbinartisans and krhule@icloud). *See* Dkt. 68 at 6-7.

DEFENDANT RHULE'S REPLY IN SUPPORT OF
MOTION TO REOPEN DETENTION HEARING
UNDER 18 U.S.C. § 3142 DUE TO CHANGE IN
MATERIAL FACTS – 4

skellengerbender

1301 - Fifth Avenue, Suite 3401
Seattle, Washington 98101-2605
(206) 623-6501

of long-term health problems for those who have been *either symptomatic or asymptomatic* and who require sophisticated medical management of their condition.[7]

IV. **SINCE THE GOVERNMENT AGENTS HAVE NOW FROZEN ALL OF THE BITCOIN WALLETS, THE GOVERNMENT'S AND THE COURT'S CONCERNS ABOUT SECRET VAST FINANCIAL RESOURCES ARE ALLAYED.**

The government now reports that there were not any bitcoin wallets taped to the bottom of Mr. Rhule's living room chair, as they previously reported to pretrial services, argued to the Magistrate Judge, and as was adopted by the Court in its detention Order. Dkt. 75 at 8, 12. Instead, the government offers a very detailed analysis of "seed phrases" and what is now really supposed to have happened regarding the bitcoin. This is all intended to divert the Court from four facts: (1) one of the federal law enforcement agents on this case lied to counsel for the government about the bitcoin wallets; (2) counsel for the government—apparently unaware of the falsity of this fanciful story—passed this information on to the pretrial services officer and then re-argued it at the detention hearing; (3) the Court understandably relied on those representations in deciding to detain Mr. Rhule; and, most importantly, (4) Mr. Rhule's bitcoin financial resources are no longer available to him, thus dramatically changing the facts underlying the Court's analysis of any flight risk, a changed circumstance weighing heavily in favor of Mr. Rhule's release.

---

[7] *See, e.g.,* John Kinnear, *"Coronavirus: asymptomatic people can still develop lung damage,"* The Conversation (June 25, 2020), https://theconversation.com/coronavirus-asymptomatic-people-can-still-develop-lung-damage-141154;(" [M]any patients with advanced COVID-19 disease bore none of the hallmarks of severe respiratory illness until they suddenly collapsed and died. . . [W]hat is striking with [COVID-19] is that [the absence of symptoms] may be accompanied by underlying organ damage. . . The study reinforces that absence of symptoms does not imply the absence of harm."); Nisreen A. Alwan, *"A negative COVID-19 test does not mean recovery,"* Nature (Aug. 11, 2020), https://www.nature.com/articles/d41586-020-02335-z ;("[W]e don't know who is more likely to experience prolonged ill health following symptomatic, or even asymptomatic, infection."); *"After recovering from COVID-19, many still have painful symptoms,"* NPR (Aug. 22, 2020), https://www.npr.org/2020/08/22/905015250/after-recovering-from-covid-19-many-still-have-painful-symptoms; Allison Aubrey, *"John Hopkins Medicine is trying to help COVID-19 patients with long-term symptoms,"* NPR (Dec. 16, 2020), https://www.npr.org/2020/12/16/947261093/johns-hopkins-medicine-is-trying-to-help-covid-19-patients-with-long-term-sympto.

DEFENDANT RHULE'S REPLY IN SUPPORT OF MOTION TO REOPEN DETENTION HEARING UNDER 18 U.S.C. § 3142 DUE TO CHANGE IN MATERIAL FACTS – 5

skellengerbender

1301 - Fifth Avenue, Suite 3401
Seattle, Washington 98101-2605
(206) 623-6501

The defense has proposed extraordinarily restrictive conditions, far beyond what Pretrial Services deems appropriate, including multiple overlapping systems of surveillance, detection, and highly punitive sanctions in the event of violation. Dkt. No. 61 at 23-26. Since Mr. Rhule's bitcoin resources have now been safely disabled, this Court's earlier important pivotal conclusion that he might simply reimburse his sister and parents if their residences are forfeited has been undermined and is no longer correct. This Court stated:

> The appearance bond secured by his family members' residences is perhaps the most compelling condition, but given Mr. Rhule's assets, he could easily reimburse them for any loss. Indeed, the Government found a thumb drive containing over $200,000 worth of cryptocurrency—i.e., the entire value of his sister's home—taped to the bottom of a chair in his living room.

See Dkt. No. 75 at 12. This fact alone should compel the Court to reopen the detention hearing and release Mr. Rhule on conditions.[8]

## V.   CONCLUSION

For the above reasons, as well as the reasons stated in his prior motion to reopen, and prior pleadings seeking review of the detention order, Dkt. Nos. 61, 69, 88, and the exhibits thereto, this Court should reconsider its earlier Order of detention, or, in the alternative, reopen his detention hearing, as authorized by 18 U.S.C. § 3142(f) and § 3142(i).

Dated this 1st day of January 2021.

Peter Offenbecher
WSBA No. 11920
SKELLENGER BENDER, P.S.
Attorneys for Kenneth John Rhule

---

[8] It is important to note that this defendant is charged with a ***non-violent offense***. He is not charged assaulting or threatening another person; with planting bombs or destroying property; or stealing someone's retirement savings or cheating the government out of public funds; lying to the government or obstructing justice; violating a trade embargo; or even lying to get his kids into college. He is charged with an offense that is legal under Washington state law with the proper licensure; manufacturing a product that 7 out 10 Americans now think should be legalized (https://www.forbes.com/sites/irisdorbian/2020/11/09/record-high-percentage-of-americans-support-marijuana-legalization-says-new-poll/?sh=7469912a154d); a substance that four more states legalized this year; and a substance that will undoubtedly become legal under federal law as well in the not too distant future. *See, e.g.,* Deirdre Walsh, House Approves Decriminalizing Marijuana; Bill to Stall in Senate, NPR (Dec. 4, 2020), https://www.npr.org/2020/12/04/942949288/house-approves-decriminalizing-marijuana-bill-to-stall-in-senate. Surely this must count in the calculus of pretrial detention of a defendant during a pandemic.

DEFENDANT RHULE'S REPLY IN SUPPORT OF
MOTION TO REOPEN DETENTION HEARING
UNDER 18 U.S.C. § 3142 DUE TO CHANGE IN
MATERIAL FACTS – 6

skellengerbender
1301 - Fifth Avenue, Suite 3401
Seattle, Washington 98101-2605
(206) 623-6501

**CERTIFICATE OF SERVICE**

I, Kyle Follendorf, certify that on January 1, 2021, I electronically filed Defendant Rhule's Reply in Support of Motion to Reopen Detention Hearing Under 18 U.S.C. § 3142 Due to Change in Material Facts with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

DATED this 1st day of January, 2021.

_____
Kyle Follendorf
SKELLENGER BENDER, P.S.
Paralegal

DEFENDANT RHULE'S REPLY IN SUPPORT OF MOTION TO REOPEN DETENTION HEARING UNDER 18 U.S.C. § 3142 DUE TO CHANGE IN MATERIAL FACTS – 7

skellengerbender

1301 - Fifth Avenue, Suite 3401
Seattle, Washington 98101-2605
(206) 623-6501