UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

                Plaintiff,

    v.

KENNETH JOHN RHULE,

                Defendant.

CASE NO. 20-cr-105-JCC

**ORDER DENYING REQUEST TO REOPEN DETENTION**

Before the Court is defendant's second motion to reopen the detention hearing. Dkt. 88. The motion was referred to the undersigned. For the reasons below, the Court DENIES the motion.

BACKGROUND

A.     Initial Proceedings

Defendant's detention has been the subject of extensive litigation. On July 1, 2020, the government filed a complaint charging defendant with conspiracy to manufacture and distribute marijuana distillates. Dkt. 1. On July 15, 2020, defendant was arrested in the District of Hawaii. Magistrate Judge Mansfield ordered defendant temporarily released to the custody of law enforcement who was directed to place defendant on a flight to Seattle. Judge Mansfield's order directed defendant was to be returned to custody upon his arrival in Seattle. *See* Dkt. 3.

On July 24, 2020, defendant made his initial appearance in this Court and was ordered detained after a detention hearing. Dkts. 4-11. On August 5, 2020, defendant was indicted and charged in Count I with conducting an unlicensed money transmitting business, and Count 8, conspiracy to manufacture and distribute marijuana and marijuana distillates. Dkt. 31. On August 3, 2020, defendant moved to extend the time to seek review of the detention order. Dkt. 14. After two additional extensions, defendant, on August 25, 2020, filed a motion to review and revoke the Magistrate Judge's Detention Order. Dkt. 48. Thereafter the parties filed numerous pleadings and exhibits regarding defendant's motion to review the detention order. *See* Dkts. 49-74.

B.      District Judge's Denial of Motion to Revoke Detention Order

On October 8, 2020, the Honorable John C. Coughenour issued an order denying defendant's motion to revoke the detention order. Dkt. 75. The order stated the magistrate judge's detention order was being reviewed *de novo* and based upon the reviewing district judge's own factual findings and independent conclusions without deference to the magistrate judge's decision.

The district judge's order indicated on March 10, 2020, the government searched the property where defendant and his wife lived. Law enforcement found nearly 1000 kilograms of marijuana, a warehouse equipped for manufacturing large quantities of marijuana distillates, hundreds of thousands of dollars of cryptocurrency and a laptop open to a dark web vendor page advertising marijuana products.

Defendant's son and wife were arrested. Defendant's wife was taken into immigration custody because she had no legal status in the country. Over the next two months defendant repeatedly flew an aircraft over the immigration detention facility where his wife was held. Law enforcement contacted defendant and advised him he would likely receive a "target letter" from

ORDER DENYING REQUEST TO REOPEN
DETENTION - 2

the government because he had a connection to the investigation of his son. Three days after law enforcement contacted defendant, defendant discussed with his wife how he was getting a passport and visa on an expedited basis. Defendant told his wife "I think we may have to have you go back to Russia and me meet you there." Defendant was thereafter charged with conspiring with his son to manufacture and distribute marijuana and ordered detained by the magistrate judge.

In reviewing the magistrate judge's detention order the assigned district judge applied the legal standards set forth in the bail reform act, including the presumption of detention that flows from the drug offense with which defendant is charged. The government argued defendant posed both a danger to the community and a risk of flight, and that defendant's motion to revoke the magistrate judge's detention order should be denied.

The district judge rejected the government's argument there is no set of conditions that could reasonably assure the community's safety if defendant were released. However, the district judge found the government had met its burden of proving no set of conditions could reasonably assure defendant's appearance. The district judge first found the evidence is strong enough that defendant would believe he has a reasonable chance to be convicted. Next, the Court found defendant has a strong incentive to flee to Russia to live with his wife of 18 years. Third, defendant has the means to flee and the skills to evade detection. Fourth, defendant has taken extensive efforts to conceal his assets and online activities. And fifth, defendant's conversation with his wife about meeting her in Russia and failure to disclose to pretrial services he had applied for passport highlight his risk to flee.

The district judge also considered defendant's arguments that he has lived in Seattle for over 30 years, his sister and her children live here, his passport application was denied, and he

ORDER DENYING REQUEST TO REOPEN
DETENTION - 3

1   has never been to Russia and COVID-19 is poorly controlled in Russia. The district judge

2   rejected these arguments observing defendant claims he is semi-retired and thus there is no

3   business reason to remain in the district, defendant's ties to his wife are very strong and

4   defendant is well versed in using the dark web and can obtain false travel documents. The district

5   judge also rejected defendant's argument a GPS tracker would assure his appearance and a ban

6   on internet access would address issues regarding defendant's ability to transfer funds. The

7   district judge found both conditions rely upon defendant's voluntary compliance which defendant

8   can circumvent.

9           The district judge also rejected defendant's argument he should be released due to the

10   prevalence of COVID-19 at the FDC. The Court found the presence of the virus does not affect

11   the statutory factors Congress instructs the Court to apply in making bail determinations, and if

12   there is a compelling reason for release due to COVID-19, defendant should seek relief through a

13   separate motion under 18 U.S.C. § 3142(i).

14           C.      Defendant's Present Motion to Reopen

15           On December 23, 2020, defendant filed the present motion to reopen the detention

16   hearing under 18 U.S.C. § 3142(f)(2) and § 3142(i). Dkt. 88. The motion was referred to the

17   undersigned on January 4, 2021. Defendant argues the Court should reopen the detention hearing

18   and order him released because (1) many of the facts the government proffered are false,

19   misleading or exaggerated; and (2) there has been a dramatic increase in the number of COVID-

20   19 cases at the FDC and detention "presents a now unreasonable risk of death or permanent

21   injury" to defendant. *Id*. at 2.

22           In support, defendant first argues the government falsely alleged defendant opened a

23   Coinbase account with a false social security number. Defendant contends a different Kenneth

ORDER DENYING REQUEST TO REOPEN
DETENTION - 4

Rhule who is a convicted felon living in Florida opened the account using his social security number. *Id.* at 3.

Next, defendant argues the government falsely claimed login data from the Xero Accounting System shows defendant has continued involvement in the HebinArtisans Business. Defendant claims he was marginally involved with this login account in 2016 and that over the last few years "this login has since been used by other persons" such as the codefendant, Erik Cruz or an unknown person who logged in from Brazil.  *Id.* at 5-7.

Third defendant argues the HerbinArtisans organizational chart is an "artifact" and is "misleading" evidence that defendant has a leadership role in the organization because the chart was created in 2016 and is therefore irrelevant. *Id.* at 7-8.

Fourth defendant contends the thumb drive found at his home with $200,000 is "apocryphal at best." *Id.* at 9.  Defendant argues the government's claim such a thumb drive was found taped to the bottom of a chair at his home is false.

And lastly, defendant contends he should be released because his "medical condition has changed dramatically," there is a dramatic increase in the number of COVID-19 cases and his current medical situation present "a now unreasonable risk of death or serious permanent injury." *Id.* at 11.

D.      Government's Response to Motion to Reopen and Defendant's Reply

The government filed a reply opposing defendant's motion to reopen the detention hearing and arguing defendant's factual assertions are inaccurate and have no material bearing on the district judge's order finding defendant poses a risk of nonappearance and must be detained. Dkt. 93.

ORDER DENYING REQUEST TO REOPEN
DETENTION - 5

1  The government first argues the court should deny the motion to reopen the detention

2  hearing because defendant has failed to show he faces "a now unreasonable risk of death or

3  serious permanent injury" due to the number of COVID-19 cases at the FDC SeaTac. *Id.* at 3-4.

4  In reply defendant does not present any information that he is unwell or at heightened risk but

5  argues there could be long term health problems for individuals who are symptomatic or

6  asymptomatic. Dkt. 94 at 5. Defendant does not present anything showing he falls into this

7  category.

8  The government next argues that contrary to defendant's claims he last accessed the Xero

9  account in 2016, there is evidence defendant accessed the account in 2019. The government

10 argues that from February to December 2019, eight IP addresses were used to access the Xero

11 Account and at least five of the IP addresses are definitively linked to defendant. *Id.* at 6-11. The

12 government also argues defendant's claim his son or another person was accessing the Xero

13 account because a Brazilian server was used does not clear defendant. Rather, the government

14 argues the Brazilian server is a VPN server that was used to anonymize the user's web traffic and

15 defendant has downloaded or uploaded at least six different VPN applications on his phone. The

16 use of the Brazilian VPN server is thus consistent with defendant's use, the government claims.

17 In his reply defendant argues there is no reliable way for him to show he did not login to

18 the accounts and that the weight of the evidence against him is the least important factor is

19 assessing detention. Dkt. 94 at 4.

20 The government also argues defendant's claim he withdrew from the marijuana enterprise

21 in 2016 is illogical. *Id.*  at 12. The government contends defendant's claim he withdrew from the

22 drug business in 2016 is belied by the fact that in March 2020, law enforcement found on

23 defendant's property a fully functional lab designed to extract marijuana, and over 900 kilograms

ORDER DENYING REQUEST TO REOPEN
DETENTION - 6

1   of marijuana. In defendant's bedroom, law enforcement found shipping boxes, and a laptop

2   opened to a dark web vendor page advertising marijuana products. In other parts of the house,

3   law enforcement found blank credit card stock, a currency counter, and shipping labels. The

4   government concludes the physical evidence contradicts defendant's claim he was last involved

5   in 2016. The government also contends it made no misrepresentations about the organizational

6   chart and that the government specifically noted the chart was made in 2016 when it was

7   presented.

8        The government further argues defendant's arguments about his cryptocurrency holdings

9   do not alter the district judge's order denying release. The government contends it made a request

10  to Coinbase for records of Kenneth John Rhule. The government does not contest defendant's

11  assertion Coinbase provided information about a Kenneth Rhule that turned out to be a felon in

12  Florida. *Id.* at 13. The government argues this does not materially alter the detention decision

13  because as the government earlier argued, defendant maintains multiple cryptocurrency wallets

14  and has engaged in attempts to avoid associating his social security number with his financial

15  accounts. *Id.* The government contends defendant has opened nine Coinbase accounts using eight

16  different email addresses. Some accounts utilized alternative names such as "John Rhule" and

17  "John K. Rhule." *Id.* Defendant also opened cryptocurrency accounts using providers other than

18  Coinbase, included providers outside the country. The government further argues the defendant

19  and the codefendant have attempted to avoid associating their social security numbers with their

20  financial accounts and thus disregarding the Coinbase account belonging to the felon in Florida,

21  the evidence shows defendant holds multiple cryptocurrency accounts and has attempted to avoid

22  associating his social security number with his financial accounts.

23

ORDER DENYING REQUEST TO REOPEN
DETENTION - 7

1     As to the thumb drive found at defendant's home, the government argues after conferring

2  with investigative agents, cryptocurrency worth more than $700,000 was seized from defendant's

3  home and the seizure involved a dozen thumb drives and hardware wallets. The currency was

4  recovered using "seed phrases" (random sequence of words to access cryptocurrency wallets)

5  found in defendant's office. The government contends the error about a thumb drive taped to a

6  chair does not alter the fact law enforcement found at defendant's home cryptocurrency worth

7  hundreds of thousands of dollars.

8     Defendant argues the court should reopen because the government made a mistake about

9  a thumb drive being taped to the bottom of a chair and because defendant's "bitcoin resources are

10  no longer available to him." Dkt. 94 at 5.

11     The government also argues reopening should be denied because the district judge

12  correctly found defendant is a risk of flight and no conditions of release would reasonably assure

13  his appearance as directed. Implicit in the argument is nothing defendant has presented

14  materially alters this determination.

15                              DISCUSSION

16     Defendant seeks to reopen the detention hearing under 18 U.S.C. § 3142(f)(2)(B), and §

17  3142(i). Turning first to § 3142(i), that section provides, in relevant part:

18          "[t]he judicial officer may by subsequent order, permit the
           temporary release of the person, in the custody of a U.S. Marshal
19          or another appropriate person, to the extent that the judicial officer
           determines such release to be necessary or the preparation of the
20          person's defense or for another compelling reason."

21  § 3142(i). A defendant bears the burden of establishing circumstances warranting temporary

22  release under § 3142(i). *United States v. Terrone*, 454 F.Supp. 3d 1009, 1018 (D. Nev. 2020). As

23  applied to COVID-19 concerns, courts in cases involving § 3142(i), have examined four factors

ORDER DENYING REQUEST TO REOPEN
DETENTION - 8

regarding release "for another compelling reason."  These factors are: First, the original grounds for the defendant's pretrial detention; Second the specificity of the defendant's stated COVID-19 concerns; Third the extent to which the proposed release plan is tailored to mitigate or exacerbate other COVID-19 risks to the defendant; and Fourth the likelihood that the defendant's proposed release would increase COVID-19 risks to others. *Id.* at 1022.

Defendant fails to meet his burden of proof there are compelling reasons to reopen and release him under § 3142(i). In considering the first factor courts used in applying § 3142(f), the presence of COVID-19 has not altered the original grounds for the district judge's detention order. The district judge found defendant is a flight risk and COVID-19 does not alter that fact. Second defendant does not provide any specific facts regarding his concerns about COVID-19. There is nothing showing he is ill, he is at particular risk at the detention center, or the FDC cannot provide adequate medical care. Third, defendant's release plan is not tailored toward mitigating the risks of COVID-19. In short, defendant's argument about COVID-19 does not mitigate the district judge's finding he is a flight risk, and other than contending there has been an increase in the number of COVID-19 cases at the FDC, defendant fails to present specific facts that allows the Court to make a particularized finding there is a compelling reason to reopen the detention hearing and grant release under § 3142(i). The Court declines to grant the motion to reopen or release under § 3142(i).

The Court has also considered whether the detention hearing should be reopened based upon COVID-19 under § 3142(f). Under § 3142(f)(2)(B), the detention hearing may be reopened if the Court finds information exists that was not known to defendant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will

ORDER DENYING REQUEST TO REOPEN
DETENTION - 9

1   reasonably assure the appearance of defendant as required and the safety of any other person and

2   the community.

3        Defendant contends the number of positive COVID-19 cases at the Federal Detention

4   Center (FDC) has greatly increased and detention should be reopened because the number of

5   COVID-19 cases "now presents unreasonable risk of death or serious permanent injury." The

6   district judge considered and rejected this argument in the October 2020 order denying

7   revocation of the magistrate judge's detention order, and defendant presents nothing that moves

8   the needle. The Bail Reform Act does not authorize simply because there is a pandemic. Hence

9   the presence of COVID-19 alone does not automatically compel release. *See United States v.*

10  *Villegas,* 2020 WL 1649520 at *2 (C.D. Cal. April 3, 2020); *see also United States v. McKnight*,

11  CR18-16-TSZ, 2020 WL 1872412 at *1 (W.D. Wash. Apr. 15, 2020) (collecting cases). Further

12  as noted above, defendant presents no particularized information indicating that he is at

13  particular risk due to COVID-19. The Court thus rejects defendant's argument the bail hearing

14  should be reopened under 18 U.S.C. § 3142(f).

15       Defendant also argues the detention hearing should be reopened under § 3142(f) because

16  the government made the following inaccurate statements in support of detention: Defendant

17  used a false social security number to open a Coinbase wallet account; a thumb drive was found

18  taped to the bottom of a chair loaded with cryptocurrency; and the government falsely claimed

19  defendant's Xero login history continued through 2019 when in reality defendant stopped

20  involvement in 2016.

21       These assertions do not materially alter the detention decision. The government correctly

22  contends there is evidence that defendant opened numerous accounts, used altered names to open

23  accounts and attempted to disconnect his social security number from his financial accounts.

1    Thus, even putting aside the Coinbase account owned by a felon in Florida, there is ample

2    evidence to support the government's position. Parenthetically, the court also notes this is not a

3    case in which the government knew the Coinbase account was owned by another person and

4    intentionally fabricated a claim it was defendant's account. The government asked Coinbase for

5    information and was provided with account information with another person with virtually the

6    same name: Kenneth Rhule. Hence defendant's claim the government intentionally misled or

7    falsified information in order to detain him is not supported.

8         The government also submitted evidence that directly contradicts defendant's claim he

9    disengaged from the marijuana business and stopped using the Xero account in 2016. The

10   government presented evidence that indicates defendant was accessing and using the Xero

11   account through the end of 2019. The claim defendant disengaged in the marijuana business in

12   2016 is also belied by the physical evidence found at his property and residence which cuts the

13   other way.

14        The government concedes it was incorrect in asserting a thumb drive was found taped to

15   the bottom of a chair at defendant's home. But this does not alter the fact that numerous thumb

16   drives and digital wallet devices were seized from defendant's home, that his access codes for

17   these devices were seized and that agents seized $700,000 in cryptocurrency from defendant's

18   devices. Defendant does not contest this is in fact what happened but argues the seizure has

19   stripped him of his cryptocurrency assets. But that is an argument or statement made without any

20   factual basis and the court thus declines to accept the assertion as an established fact that

21   materially alters the district judge's detention order.

22   /

23   /

ORDER DENYING REQUEST TO REOPEN
DETENTION - 11

1       The Court accordingly ORDERS:  Defendant's motion to reopen the detention decision,

2  Dkt. 88, is DENIED.

3       DATED this 7th day of January 2021.

4

5                           BRIAN A. TSUCHIDA

6                           United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

ORDER DENYING REQUEST TO REOPEN
DETENTION - 12