The Honorable John C. Coughenour
The Honorable Brian A. Tsuchida

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES,<br><br>    Plaintiff,<br><br>    v.<br><br>KENNETH JOHN RHULE,<br><br>    Defendant. | NO. CR 20-105 JCC<br><br>DEFENDANT KENNETH JOHN RHULE'S SECOND MOTION TO REOPEN DETENTION HEARING UNDER 18 U.S.C. § 3142 DUE TO A CHANGE IN MATERIAL FACTS<br><br>**NOTE ON MOTION CALENDAR:**<br>MAY 21, 2021 |

## I. INTRODUCTION

Mr. Rhule moves for a second time to reopen his detention hearing, because recently revealed evidence—government laboratory reports analyzing the marijuana products seized by the government—demonstrates that the government's bold assertions about the quantity of marijuana seized which were used to justify its request for detention are false.

During the detention proceedings, the government repeatedly assured the Court that 900 to 1,000 kilograms of marijuana had been seized at Mr. Rhule's property. Laboratory reports recently received regarding analysis of the seized products now show only 14.8 kilograms of a confirmed mixture and substance containing a detectable amount of marijuana in the products tested to

DEFENDANT KENNETH JOHN RHULE'S SECOND MOTION
TO REOPEN DETENTION HEARING UNDER 18 U.S.C. § 3142
DUE TO A CHANGE IN MATERIAL FACTS – 1

2021.05.13 M2 Reopen Det Hrg - Def

skellengerbender

1301 - Fifth Avenue, Suite 3401
Seattle, Washington 98101-2605
(206) 623-6501

date.  This is a material difference from the representations made by the government in the past nine months to detain Mr. Rhule.  Because the Court relied on these representations (1) to invoke the presumption of detention flowing from a potential ten-year mandatory minimum sentence; and (2) and ultimately, to detain Mr. Rhule, this Court should reconsider its decision and release Mr. Rhule on conditions.  18 U.S.C. §3142.

## II.   STATEMENT OF THE CASE

Mr. Rhule has been in custody for 301 days since his arrest in the District of Hawaii on July 15, 2020, the same day the government filed a complaint in this District charging him with conspiracy to manufacture and distribute marijuana distillates. Dkt. No. 1.

Mr. Rhule's initial appearance and detention hearing were held in this District on July 24, 2020.  In arguing for Rhule's detention, the government emphasized the importance of the ten-year mandatory minimum sentence (Transcript of 7/24/20 Detention Hearing at 5) and argued that nearly this quantity of marijuana had been seized on the day of the search alone:

> In this particular case, law enforcement searched the defendant's residence on March 10th, 2020. They searched the property where the defendant was living, and on that property, they found a number of things. They found a warehouse where the defendant and his co-conspirators were distilling marijuana. **They found over 900 kilograms of bulk marijuana and other marijuana products.**

*Id*. at 7 (emphasis supplied).  The government vigorously argued that the marijuana found resulted in a ten-year mandatory minimum charging decision, which in turn invoked the presumption of detention, and was the keystone of its argument that Rhule was a high risk to flee:

> Because of those items that were found and the investigation in this case, we have filed the present charges, and the charges that we have filed carry with them a ten-year mandatory minimum. And because of that, in this case there is a presumption of detention, which makes sense. **Ten years is a lot of time in custody, and so it provides the defendant with a significant motivation to flee**.

DEFENDANT KENNETH JOHN RHULE'S SECOND MOTION
TO REOPEN DETENTION HEARING UNDER 18 U.S.C. § 3142
DUE TO A CHANGE IN MATERIAL FACTS – 2

2021.05.13 M2 Reopen Det Hrg - Def



1301 - Fifth Avenue, Suite 3401
Seattle, Washington 98101-2605
(206) 623-6501

*Id*. at 8 (emphasis supplied).

In making his decision, the Magistrate Judge cited the ten-year mandatory minimum potential sentence and the quantity of marijuana seized at this residence as part of his findings of fact and statement of reasons for detaining Mr. Rhule pending trial. Dkt. No. 11 at 1–2.

On August 5, 2020, the government filed an Indictment charging Mr. Rhule and his son Kenneth Warren Rhule with a single count of conspiracy to manufacture and distribute marijuana and marijuana distillates and alleging that the conspiracy involved 1,000 kilograms or more of a mixture and substance containing a detectable amount of marijuana, invoking the mandatory ten-year minimum sentence. Dkt. No. 31. Kenneth *Warren* Rhule was also charged in the same indictment with a firearm count (in violation of 18 USC §924(c)(1)(A)) carrying a mandatory consecutive five-year sentence, as well as six counts of money laundering (in violation of 18 USC 1956(a)(3)(B), (a)(3)(C) and 2) and one count of conducting an unlicensed money transmitting business (in violation of 18 USC §1960(a), (b)(1)(A), (b)(1)(B) and (b)(1)(C)). Kenneth Warren Rhule remains in the community on conditions of release ordered by Magistrate Judge Petersen. Dkt. No. 8.

On August 25, 2020, Mr. Rhule filed a motion to review and revoke the Magistrate Judge's detention order arguing that it was unlikely he would abscond and choose lifelong exile in Russia in light of his strong ties to his children, parents, and sister—who all live in the United States—and that he did not pose a danger to the community. Dkt. No. 48, 50 (refiled at Dkt. No. 61).

In opposition, the government again robustly argued that the ten-year mandatory minimum—predicated on the search yielding **"over 900 kilograms of bulk marijuana"** (*see* Dkt. No. 64 at 4)—was a critical factor in its assessment of Mr. Rhule's flight risk:

DEFENDANT KENNETH JOHN RHULE'S SECOND MOTION
TO REOPEN DETENTION HEARING UNDER 18 U.S.C. § 3142
DUE TO A CHANGE IN MATERIAL FACTS – 3

2021.05.13 M2 Reopen Det Hrg - Def



skellengerbender

1301 - Fifth Avenue, Suite 3401
Seattle, Washington 98101-2605
(206) 623-6501

> If found guilty of this offense, the Defendant faces a mandatory minimum sentence of ten years' imprisonment. **Facing the daunting prospect of serving a decade in prison, the Defendant has a strong incentive to flee to avoid prosecution.**

Dkt. No. 64 at 4 (emphasis supplied).

In denying Mr. Rhule's motion to review the Magistrate Judge's detention order, the Court explicitly adopted the government's representations as to the quantity of marijuana seized at the property:

> On March 10, 2020, the Government searched the property where Defendant Kenneth Rhule lives with his wife and son. (*See* Dkt. No. 1 at 16–19.) **Law enforcement discovered nearly 1,000 kilograms of marijuana, . . . .**

Dkt. No. 75 at 1–2 (emphasis supplied). The Court applied the presumption of detention generated by the ten-year mandatory minimum potential sentence and ordered Mr. Rhule detained. Dkt. No. 75 at 5.

On December 23, 2020, Mr. Rhule filed a Motion to Reopen the Detention Hearing Based on a Change in the Material Facts, which motion pointed out a number of misrepresentations that had been made to the Court in the previous detention litigation. Dkt. No. 88. In its opposition to this motion, the government again forcefully argued that the large quantity of marijuana seized at his property justified his pretrial detention:

> It bears repeating that on March 10, 2020, law enforcement found a fully functioning laboratory, designed to extract marijuana products, **along with over 900 kilograms of bulk marijuana,** on Rhule's property.

Dkt. No. 93 at 12 (emphasis supplied).

And the Court—Magistrate Judge Brian A. Tsuchida—again repeatedly relied on the government's representations as to the quantity of marijuana seized to justify denying the motion and to justify Mr. Rhule's continued pretrial detention:

DEFENDANT KENNETH JOHN RHULE'S SECOND MOTION TO REOPEN DETENTION HEARING UNDER 18 U.S.C. § 3142 DUE TO A CHANGE IN MATERIAL FACTS – 4

2021.05.13 M2 Reopen Det Hrg - Def

skellengerbender
1301 - Fifth Avenue, Suite 3401
Seattle, Washington 98101-2605
(206) 623-6501

> The district judge's order indicated on March 10, 2020, the government searched the property where defendant and his wife lived. Law enforcement found nearly **1000 kilograms of marijuana**, . . .

Dkt. No. 96 at 2 (emphasis supplied).

> The government contends defendant's claim he withdrew from the drug business in 2016 is belied by the fact that in March 2020, **law enforcement found on defendant's property** a fully functional lab designed to extract marijuana, and **over 900 kilograms of marijuana**.

Dkt. No. 96 at 7 (emphasis supplied).

In the fall of 2020, the government produced a vast quantity of discovery material, but no laboratory reports detailing a qualitative analysis (THC or not) or quantitative analysis (weight) of the alleged marijuana products seized.[1]  Scientific examination of the seized material is critical because legal hemp plants look exactly like illegal marijuana plants.  Here, the government simply assumed that any green leafy plant matter that agents seized was marijuana—while ignoring evidence that the material could be legal hemp.  The discovery produced to date in fact makes clear that at least part of Kenneth Warren Rhule's business was production and marketing of legal CBD and that he was looking into arrangements with other CBD producers as a consultant.  The government surely knew that some of the green leafy material and distillate would turn out to be hemp and CBD rather than marijuana.  But instead of informing the Court of that fact, it simply referred to everything as marijuana, which the newly discovered laboratory reports now show was not true. *See e.g.*, Exhibit 10.01, below.

Finally, on April 22, 2021, over a year after the execution of the search warrant, the government produced seven lab reports, which showed that some of the items seized were CBD

---

[1] As it turns out, this is apparently because no qualitative or quantitative analysis testing had ever been conducted by the Fall of 2020. It appears that the laboratory analysis was actually first conducted in February and March of 2021.

DEFENDANT KENNETH JOHN RHULE'S SECOND MOTION
TO REOPEN DETENTION HEARING UNDER 18 U.S.C. § 3142
DUE TO A CHANGE IN MATERIAL FACTS – 5

2021.05.13 M2 Reopen Det Hrg - Def

skellengerbender
1301 - Fifth Avenue, Suite 3401
Seattle, Washington 98101-2605
(206) 623-6501

(not illegal), some of the testing was inconclusive, and for those products containing THC, the total amount of a "mixture or substance containing a detectable amount of marijuana," *see* Indictment at Count 8 (Dkt. No. 31), was less than 15 kilograms, not 900 kilograms or 1,000 kilograms, as had been so zealously argued by the government throughout Mr. Rhule's detention proceedings.

The below table is a summary of the laboratory reports received on April 22, 2021:

| Exhibit[2] | Location Seized | Date Examined | Substance Identified | Net Weight | Lab Report Notes |
|---|---|---|---|---|---|
| **Exhibit 2** 2 evidence boxes containing jars filled with suspected marijuana distillates, located by TFO Huntington and SA Palermo, inside the warehouse room labeled A. | Monroe Property Warehouse | 03/10/2021 | THC | 9.9 kg | Total THC estimated >1% in 24 of 26 units tested |
| **Exhibit 3.01** **Exhibit 3.02** 2 boxes containing slabs of suspected marijuana distillates, located by TFO Huntington and SA Palermo, inside the warehouse room labeled A. | Monroe Property Warehouse | 03/12/2021 03/12/2021 | THC No analysis | 0.028 kg | |
| **Exhibit 4** One HSI evidence bag containing 3 jars filled with suspected marijuana distillates, located by agents and officers inside the main residence. | Monroe Property Main Residence | 02/18/2021 | THC | 0.156 kg | |
| **Exhibit 6** | | 02/18/2021 | THC | 0.014 kg | |

---

[2] RHULE_00333432–00333441.

DEFENDANT KENNETH JOHN RHULE'S SECOND MOTION
TO REOPEN DETENTION HEARING UNDER 18 U.S.C. § 3142
DUE TO A CHANGE IN MATERIAL FACTS – 6



1301 - Fifth Avenue, Suite 3401
Seattle, Washington 98101-2605
(206) 623-6501

| Exhibit[2] | Location Seized | Date Examined | Substance Identified | Net Weight | Lab Report Notes |
|---|---|---|---|---|---|
| **Exhibit 7**<br>One evidence box containing one HSI evidence bag with 8 USPS mailing packages filled with suspected marijuana distillates, located by agents and officers inside the main residence. | Monroe Property Main Residence | 02/22/2021 | THC | 0.302 kg | THC confirmed in 9 units tested of 12 units received. |
| **Exhibit 10.01**<br>**Exhibit 10.02**<br>One HSI evidence bag containing 4 jars of suspected marijuana distillate, located by SA Adam Becker and CFA Derek Quintanilla within the room labeled E. | Kenneth Warren Rhule's Bothell Residence | 02/18/2021<br>02/18/2021 | CBD<br>THC | 0.178 kg<br>0.0239 kg | |
| **Exhibit 13.01**<br>**Exhibit 13.02** | Kenneth Warren Rhule's Bothell Residence | 02/17/2021<br>02/17/2021 | Inconclusive Marijuana | 1.261 kg<br>4.377 kg | |
| | | | **TOTAL** | **14.8 kg** | |

The actual reports are attached to this pleading as Exhibit A. Reference to other discovery documents reveals that some of these Exhibits—Exhibits 10 and 13—were not even seized at Mr. Rhule's Monroe property, as the government has argued—but rather at his son Kenneth Warren Rhule's residence in Bothell, Washington.

The approximately 10 kilograms—or 14.8 kilograms if one adds in the product seized at Kenneth Warren Rhule's house—of a "mixture or substance containing marijuana" falls so far short of the 900 to 1,000 kilograms that the government has previously proffered, and upon which the Court has relied in detaining Mr. Rhule, that it must be considered to be a "change

DEFENDANT KENNETH JOHN RHULE'S SECOND MOTION
TO REOPEN DETENTION HEARING UNDER 18 U.S.C. § 3142
DUE TO A CHANGE IN MATERIAL FACTS – 7

2021.05.13 M2 Reopen Det Hrg - Def



1301 - Fifth Avenue, Suite 3401
Seattle, Washington 98101-2605
(206) 623-6501

in material facts" that justifies a reopening of the detention hearing pursuant to 18 U.S.C. § 3142.[3]

### III. THIS IS NOT THE FIRST TIME THAT THE GOVERNMENT HAS PROFFERED FACTS TO ENCOURAGE THE COURT TO DETAIN MR. RHULE THAT IT HAD TO LATER CONCEDE WERE FALSE.

In its previous pleadings, Mr. Rhule has pointed out a number of assertions by the government in these detention proceedings that have turned out to be false.

**A.  By Way of Example, the Government's Assertion that Mr. Rhule Opened a Coinbase Bitcoin Account with a Fake Social Security Number Was Also False.**

Responding to an earlier motion for review of the detention order, the government stated:

> The Defendant has used a fake social security number to avoid associating his financial accounts with his true identity. For example, the Defendant opened an account at Coinbase, an online cryptocurrency wallet provider, in the name of "Kenneth Rhule," listing a social security number not associated with him.

Government's Response, Dkt. No. 64, at 17.

As it turned out this assertion was patently false. The Coinbase account appears to have been opened by another person named Kenneth Rhule, who is a convicted felon living in West Palm Beach, Florida, who was using this social security number and is depicted in the picture below:

---

[3] The relevant language from this provision of the Bail Reform Act provides: "The hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f).

DEFENDANT KENNETH JOHN RHULE'S SECOND MOTION
TO REOPEN DETENTION HEARING UNDER 18 U.S.C. § 3142
DUE TO A CHANGE IN MATERIAL FACTS – 8



1301 - Fifth Avenue, Suite 3401
Seattle, Washington 98101-2605
(206) 623-6501



The Court relied on this fact in detaining Mr. Rhule, as well as the government's assertion of use of a false social security number.  The government later conceded that Mr. Rhule did *not* in fact use a false social security number to open a Coinbase account.

However, the government continued to wrongfully maintain that Mr. Rhule and his son "have historically attempted to avoid associating their social security number with their financial accounts."  Dkt. No. 93 at 14.  The evidence, however, showed that Mr. Rhule's credit card was tied to his *own* social security number and that it was Mr. Rhule's *son,* Kenneth Warren Rhule who used a fake social security number when opening financial accounts. Dkt. No. 93 at 14, n.29 ("The United States has confirmed that KENNETH WARREN RHULE uses a fake social security number when opening financial accounts.")

**B.    By Way of Another Example, the Sensational "Thumb Drive Taped to the Bottom of the Chair With $200,000 of Bitcoin Wallets" Story, Asserted by the Government to the Pretrial Services Officer, and then Twice Relied upon by the Court in Detaining Mr. Rhule, Was Also False.**

Another example was the apocryphal "bitcoin-thumb-drive-taped-to-the-bottom-of-the-chair" story the government used to detain Mr. Rhule.  According to the pretrial services report, the government lawyer alleged to PTS that the searching HSI agents found a thumb drive

DEFENDANT KENNETH JOHN RHULE'S SECOND MOTION
TO REOPEN DETENTION HEARING UNDER 18 U.S.C. § 3142
DUE TO A CHANGE IN MATERIAL FACTS – 9

2021.05.13 M2 Reopen Det Hrg - Def

skellengerbender

1301 - Fifth Avenue, Suite 3401
Seattle, Washington 98101-2605
(206) 623-6501

containing $200,000 of bitcoin wallets taped to the bottom of a chair in Mr. Rhule's living room. (See W.D. Wash. PSR at 3.) This colorful cloak-and-dagger fact was then relied upon by this Court twice in its Order to justify Mr. Rhule's detention:

> The appearance bond secured by his family members' residences is perhaps the most compelling condition, but given Mr. Rhule's assets, he could easily reimburse them for any loss. Indeed, the Government found **a thumb drive containing over $200,000 worth of cryptocurrency—i.e., the entire value of his sister's home—taped to the bottom of a chair in his living room.**

Dkt. 75 at 12 (emphasis supplied).

> Mr. Rhule also stored cryptocurrency on physical hardware wallets, such as the **thumb drive found taped to the bottom of a chair in his living room** containing cryptocurrency worth more than $200,000. (*See* W.D. Wash. PSR at 3.)

Dkt. 75 at 8 (emphasis supplied).

Yet any report of this sensational finding was not to be found in the hundreds of thousands of pages of official reports of the case and the reports of the search of the premises. That is because the "bitcoin-thumb-drive-taped-to-the-bottom-of-the-chair" story was fabricated by a government agent. When called out for this false statement in Mr. Rhule's previous motion to reopen the detention hearing, the government lawyer apologized:

> While undersigned counsel sincerely apologizes for the misunderstanding regarding the location of this cryptocurrency,[31] the government does not believe that this distinction should alter the Court's analysis.

> fn. 31: The inaccurate information identified by Rhule was conveyed to undersigned counsel from an officer who was present at Rhule's property, but is not the case agent on this matter, while the search was ongoing. The seizures were subsequently, accurately, described by the case agents in their reports.

Dkt. No. 93 at 15 n.13.

DEFENDANT KENNETH JOHN RHULE'S SECOND MOTION
TO REOPEN DETENTION HEARING UNDER 18 U.S.C. § 3142
DUE TO A CHANGE IN MATERIAL FACTS – 10

skellengerbender

1301 - Fifth Avenue, Suite 3401
Seattle, Washington 98101-2605
(206) 623-6501

2021.05.13 M2 Reopen Det Hrg - Def

IV. CONCLUSION

The material discrepancy between the government's assertions about the quantity of marijuana seized and the resulting government laboratory work leads one to yet again question the agents' disconcerting carelessness with the facts when making representations to the United States Attorney's Office in the detention hearing context. *See also* Defendant's Reply, Dkt. No. 69 at 9 and fn. 30 (referring, *inter alia,* to the vigorous assertion of the missing "second plane he will escape to Russia in" argument before the Magistrate Judge, which then had to be abandoned when the photographs of a block of cement in the second plane's engine cowling surfaced). A number of other factual assertions generated by the agents and passed on to the Court along the way to influence the Court's detention decision have turned out to be recklessly false, misleading, or, alternatively, to be facts of no consequence at all.[4]

By calling into question the government's previous representations about the quantity of marijuana seized and the resulting application of the ten-year mandatory minimum penalties, these new facts regarding the disparity between the government's proffered facts and the actual facts change the detention calculus and warrant reopening the detention hearing in this non-

---

[4] By way of example, in its Order, the Court noted that Mr. Rhule's social security number 'is associated' with the name Leah Rhule and was issued in Washington in 1990. (Hawaii PSR at 2.) Although apparently considered by the Court as such, neither fact is evidence of fraud. Leah Rhule is Mr. Rhule's ex-wife; since they were married at age 17 and owned property and bank accounts together, it is not at all remarkable that her name is associated with his social security number. The fact that Mr. Rhule's "social security number was issued fifteen years after Mr. Rhule was born," Dkt. No. 75 at 10, also apparently cited by the Court as evidence of fraud, is also unremarkable. For most of our history, social security numbers were routinely issued to individuals in their mid-teens as they entered the work force; it is only since 1986-87 that social security numbers have been issued at birth. *See* https://en.wikipedia.org/wiki/Social_Security_number#cite_note-7 ("Before 1986, people often did not obtain a Social Security number until the age of about 14"). Finally, the government's repeated assertion that Mr. Rhule shared in the allegedly prodigious income of HerbinArtisans—therefore supporting the assertion that he is a flight risk, a fact and conclusion adopted by the Court in its Order—turns out to not be supported by the discovery. Despite having seized huge volumes of detailed financial records—including payroll and income statements—counsel are unable to find evidence that any significant financial resources of this enterprise were diverted to Mr. Rhule.
DEFENDANT KENNETH JOHN RHULE'S SECOND MOTION
TO REOPEN DETENTION HEARING UNDER 18 U.S.C. § 3142
DUE TO A CHANGE IN MATERIAL FACTS – 11

2021.05.13 M2 Reopen Det Hrg - Def



1301 - Fifth Avenue, Suite 3401
Seattle, Washington 98101-2605
(206) 623-6501

violent marijuana distillates case.  This is "information . . . that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f).

For the above reasons, as well as those stated in Mr. Rhule's previous detention pleadings, this Court should reconsider its earlier Order of detention and release Mr. Rhule on the very strict conditions suggested in his earlier pleadings, [5] or, in the alternative, reopen his detention hearing, as authorized by 18 U.S.C. § 3142(f) and § 3142.

DATED this 13th day of May, 2021.

_____
Peter Offenbecher
WSBA NO. 11920
SKELLENGER BENDER, P.S.
Attorneys for Kenneth John Rhule

---

[5] Avoid contact with any potential co-defendant or witness (excepting your son Kenneth Warren Rhule, with whom you may not discuss the pending case); submit to GPS monitoring and comply with all conditions of that program; follow all applicable COVID-19 directives; release to the third-party custody of his mother Johanna Rhule and sister Keri Street, both of whom agree to monitor his compliance and report any violations to Pretrial Services; an appearance bond worth $600,000 ($400,000 secured by his parents' residence, and $200,000 secured by his sister's family's residence); surrender all travel documents (Mr. Rhule does not have any) and refrain from seeking new ones; an agreement that if Mr. Rhule fails to appear, then he, his wife Olga Rhule, and his son and co-defendant Kenneth Warren Rhule forfeit all their interest in all the real and personal property identified in the FORFEITURE ALLEGATIONS section of the Indictment; home confinement; internet access to be restricted or prohibited, to whatever extent Pretrial Services deems appropriate. Dkt. 61 at pages 23–27.

DEFENDANT KENNETH JOHN RHULE'S SECOND MOTION
TO REOPEN DETENTION HEARING UNDER 18 U.S.C. § 3142
DUE TO A CHANGE IN MATERIAL FACTS – 12

2021.05.13 M2 Reopen Det Hrg - Def

skellengerbender
1301 - Fifth Avenue, Suite 3401
Seattle, Washington 98101-2605
(206) 623-6501

**CERTIFICATE OF SERVICE**

I, Kyle Follendorf, certify that on May 13, 2021, I electronically filed Defendant Kenneth John Rhule's Second Motion to Reopen Detention Hearing Under 18 USC §3142 due to a Change in Material Facts (with Exhibit A) with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

DATED this 13th day of May, 2021.

Kyle Follendorf, Paralegal
SKELLENGER BENDER, P.S.

DEFENDANT KENNETH JOHN RHULE'S SECOND MOTION TO REOPEN DETENTION HEARING UNDER 18 U.S.C. § 3142 DUE TO A CHANGE IN MATERIAL FACTS – 13

2021.05.13 M2 Reopen Det Hrg - Def

skellengerbender
1301 - Fifth Avenue, Suite 3401
Seattle, Washington 98101-2605
(206) 623-6501