The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>     v.<br><br>KENNETH JOHN RHULE,<br><br>                  Defendant. | NO. CR20-105 JCC<br><br>UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S SECOND MOTION TO REOPEN DETENTION HEARING UNDER 18 U.S.C. § 3142 DUE TO CHANGE IN MATERIAL FACTS |

      As the Court stated in its last order reaffirming detention, the "Defendant's detention has been the subject of extensive litigation." Dkt. 96 at 1. Since he was ordered detained, the Defendant has filed three motions seeking his release. Dkt. 61, 88, 102. In lengthy opinions, the Court has denied each of the Defendant's prior motions and should do the same with his current motion. Dkt. 75, 96. As this Court correctly found, in its orders issued on October 8, 2020, and again on January 7, 2021, the Defendant poses a considerable flight risk. Specifically, the Court determined that: (1) the Defendant faces a significant sentence if convicted; (2) the evidence establishing the Defendant's guilt is considerable; (3) the Defendant has a compelling motive to flee with his wife to Russia, where she currently resides, having been voluntarily deported; (4) the Defendant has access to substantial assets, including cryptocurrency holdings; (5) the

UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION FOR
TO REOPEN DETENTION HEARING
*United States v. Rhule* – 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Defendant has engaged in "extensive efforts to conceal his assets and online activities," including using false names, addresses, shell companies, and encrypted communications; and (6) the Defendant promised his wife he would return to Russia with her, shortly after his property was searched, his son was arrested, his plane was seized, and he was informed that he was a target of a law enforcement investigation.  Dkt. 75 at 8, Dkt. 96 at 2-4, 10-12.  None of these facts have changed.

In contrast to the Court's well-reasoned opinions, the only information offered by the Defendant consists of speculative and unproven assertions—that lab results will show that the 900 kilograms of bulk marijuana seized from the Defendant's property is, in fact, lawful hemp, used to create legal cannabidiol ("CBD").  These purported "new facts" advanced by the Defendant are both fanciful and inconsistent with the evidence obtained in this case.  First, the Defendant's purported "new facts" are not supported by the lab analysis conducted to date.  These results have shown that, of the more than 20 kilograms of seized materials tested to date, only .2 kilograms—approximately 1%—has been identified as CBD.  Additionally, the Defendant's purported "new facts," are not consistent with the voluminous evidence gathered in this case.  The Defendant and his co-conspirators routinely described their products—in accounting records, in Instagram advertisements, in conversations with customers, and in independent lab reports—as containing high levels of tetrahydrocannabinol ("THC").  Finally, even if the Defendant were manufacturing some amount of CBD, this does not mean that he was also not distributing marijuana products in violation of law—the two are not mutually exclusive. In sum, the Defendant's purported "new facts" are neither supported by the evidence nor do they warrant release.

## ARGUMENT

The only new information proffered by the Defendant amounts to partial lab results conducted by the government.  Despite knowing that almost 950 kilograms of seized plant material or distillates are still being tested, the Defendant boldly claims that

UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION FOR TO REOPEN DETENTION HEARING
*United States v. Rhule* – 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

the government can only prove that the Defendant possessed 15 kilograms of marijuana. Dkt. 102 at 6. Implicit in the Defendant's argument is his current defense in this case—that he was operating a legal enterprise, distilling hemp into CBD. Notably, the 2018 Farm Bill amended the definition of marijuana to remove hemp from schedule I of the Controlled Substances Act. 21 U.S.C. § 802(16)(B). It also defined hemp in 7 U.S.C. § 1639o as:

> [T]he plant Cannabis sativa L. and any part of that plant, including the seeds thereof and all derivatives, extracts, cannabinoids, isomers, acids, salts, and salts of isomers, whether growing or not, with a delta-9 tetrahydrocannabinol concentration of not more than 0.3 percent on a dry weight basis.

To fall within this safe harbor, the Defendant now claims that the plant materials recovered were actually hemp, and the distillates seized were, in reality, CBD containing less than .3% THC.

The government intends to prove its case at trial, demonstrating that the Defendant knowingly participated in a conspiracy that involved 1,000 kilograms or more of a mixture and substance containing a detectable amount of marijuana. For the instant motion, it's sufficient to state that the Defendant's contentions are purely speculative and have no "material bearing on the issue of whether there are conditions of release that will reasonably assure the appearance of [the Defendant] as required and the safety of any other person and the community." 18 U.S.C. § 3142(f).

### A. The Defendant's Representations Regarding the Quantity of Marijuana Found Are Inaccurate

The Defendant's contentions that the government only recovered "less than 15 kilograms" of marijuana in this case are inaccurate. Dkt. 102 at 6. As the government explained to the Court at the detention hearing, on March 10, 2020, law enforcement searched several properties owned by the Defendant and KENNETH WARREN RHULE, including a property located in Monroe, Washington, where the Defendant and his co-

UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION FOR TO REOPEN DETENTION HEARING
*United States v. Rhule* – 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

conspirators manufactured and distributed marijuana products (hereafter described as the "Monroe Warehouse"). The government also searched the Defendant's home, along with KENNETH WARREN RHULE's vehicle and residence.

Inside those locations, the government seized the following evidence and, in March 2020, submitted it to the Drug Enforcement Administration's lab for testing. The following chart describes the seized materials and the status of the testing:

| Ex. | Weight (With Packaging) | Net Weight | Substance | Location | Substance Identified by Lab | Detailed Lab Findings |
|---|---|---|---|---|---|---|
| 1 | 933.6 kg | Testing Ongoing | Plant | Monroe Warehouse | Testing Ongoing | Testing Ongoing |
| 2 | 30 kg | 9.9 kg | Distillate | Monroe Warehouse | THC | Total THC estimated >1% in 24 of 26 units tested. THC confirmed in 26 units tested of 146 units received indicating, to at least a 95% level of confidence, that at least 90% of the units in the population contain the substance. |
| 3 | 22.8 kg | 28.27 g | Distillate | Monroe Warehouse | THC | Total THC estimated >1%. |
| 4 | 826.9 g | 156.5 g | Distillate | Defendant's Residence | THC | Total THC estimated >1%. Δ9-Tetrahydrocannabinol confirmed in 3 units tested of 3 units received. |
| 5 | 253.2 g | Testing Ongoing | Plant | Defendant's Residence | Testing Ongoing | Testing Ongoing |
| 6 | 188.4 g | 14.0 g | Distillate | Defendant's Residence | THC | Total THC estimated >1%. Δ9-Tetrahydrocannabinol confirmed in 2 units tested of 2 units received. |

UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION FOR TO REOPEN DETENTION HEARING
*United States v. Rhule* – 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

| Ex. | Weight (With Packaging) | Net Weight | Substance | Location | Substance Identified by Lab | Detailed Lab Findings |
|---|---|---|---|---|---|---|
| 7 | 2.4 kg | 302.1 g | Distillate | Defendant's Residence | THC | Total THC estimated >1%. Δ9-Tetrahydrocannabinol (THC) confirmed in 9 units tested of 12 units received indicating, to at least a 95% level of confidence, that at least 90% of the units in the population contain the substance(s). |
| 8 | 3.4 kg | Testing Ongoing | Distillate | Defendant's Residence | Testing Ongoing | Testing Ongoing |
| 9 | 4.1 kg | Testing Ongoing | Distillate | Defendant's Residence | Testing Ongoing | Testing Ongoing |
| 10 | 1064.9 g | 202.1 g | Distillate | KENNETH WARREN RHULE's Residence | CBD & THC | 178.2 grams was determined to be cannabidiol (CBD). 23.9 grams was determined to be THC. Total THC estimated >1%. |
| 11 | 192.9 g | 29.2 g | Distillate | KENNETH WARREN RHULE's Residence | CBD | A composite was formed from 1 unit for testing of 1 unit received. Cannabidiol confirmed in the composite.[1] |
| 12 | 66.8 g | Testing Ongoing | Distillate | KENNETH WARREN RHULE's Residence | Testing Ongoing | Testing Ongoing |
| 13 | 7.6 kg | 5.638 kg | Plant | KENNETH WARREN RHULE's Residence | Marijuana[2] & Inconclusive | 4,377 grams determined to be marijuana. 1,261 grams were determined to be "inconclusive" and have been submitted for further testing. |

---

[1] Appended as Exhibit B.
[2] The term "marijuana" is used by the laboratory to indicate that the plant material has higher than 0.3% THC.

UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION TO REOPEN DETENTION HEARING
United States v. Rhule – 5

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

| Ex. | Weight (With Packaging) | Net Weight | Substance | Location | Substance Identified by Lab | Detailed Lab Findings |
|---|---|---|---|---|---|---|
| 14 | 6.26 kg | 4.142 kg | Plant | KENNETH WARREN RHULE's Vehicle | Marijuana | Marijuana confirmed in 9 units tested of 10 units received indicating, to at least a 95% level of confidence, that at least 90% of the units in the population contain the substance(s).[3] |

In this case, only 207.4 grams of the tested material has been identified as CBD. In contrast, the majority of the items tested, amounting to over 17 kilograms in weight, have been found to be marijuana or prohibited THC distillates. Additionally, another 944.42 kilograms of plant material, suspected to be marijuana, is awaiting testing. While searching the Monroe Warehouse, agents field tested a portion of the plant material identified as Exhibit 1, which came back presumptively positive for marijuana. Once the formal testing of the remaining exhibits, is complete, the government will produce those results to defense counsel.[4] At this juncture, the Defendant's claims that these products will be identified as as hemp or CBD are mere speculation and conjecture.

## B. The Government Charged a Conspiracy

The speculative nature of the Defendant's arguments is sufficient to show that they are not material. However, it also bears repeating that the Defendant has been charged with Conspiracy to Manufacture and Distribute Marijuana and Marijuana Distillates, in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(A), and 846. As alleged in the indictment, this conspiracy spanned almost six years, beginning in April 2014 and ending with KENNETH WARREN RHULE's arrest in March 2020. Dkt. 31. In proving that the conspiracy involved 1,000 kilograms or more of a mixture and substance containing a

---

[3] Appended as Exhibit A.
[4] The government has also invited defense counsel to view the bulk marijuana exhibit and conduct their own independent testing, which they have not yet done.

UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION FOR TO REOPEN DETENTION HEARING
*United States v. Rhule* – 6

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

detectable amount of marijuana, the government is not limited to the evidence seized during the searches conducted on March 10, 2020. Rather, it is entitled to rely upon the extensive evidence it has gathered during this investigation to prove the volume of marijuana distributed during the conspiracy.

This evidence includes the accounting records that the government obtained, which it described to the Court during its oral and written arguments advancing detention. Those records demonstrate that from April 2016 through June 1, 2019, HerbinArtisans sold more than $2.5 million in products labeled with the term "THC." For example, the following entries were input under "Sales" in HerbinArtisans' General Ledger Report on Xero:

| Date | Type | Description | Ref | Amount |
|---|---|---|---|---|
| 11/14/2017 | INV | Lucas - Clear Syringe 1mL - 1mL of THC Distillate in a Syringe. | SI-00003692 | $9,199.68 |
| 11/14/2017 | INV | Samantha Wiejewardana - Clear Syringe 1mL - 1mL of THC Distillate in a Syringe. | SI-00003693 | $4,399.99 |
| 11/14/2017 | INV | Samantha Wiejewardana - Clear Syringe 1mL - 1mL of THC Distillate in a Syringe. | SI-00003694 | $8,798.72 |
| 11/14/2017 | INV | unionherbcoop - Clear Syringe 1mL - 1mL of THC Distillate in a Syringe. | SI-00003695 | $3,400.01 |
| 11/18/2017 | INV | incognito - Clear Pen Top 1mL - 1mL of THC Distillate in an Pen top for vaping. | SI-00003696 | $6,000.00 |
| 11/18/2017 | INV | Aaron Shaw - Clear Pen Top 1mL - 1mL of THC Distillate in an Pen top for vaping. | SI-00003697 | $375.00 |
| 11/20/2017 | INV | Lucas - Clear Pen Top 1mL - 1mL of THC Distillate in an Pen top for vaping. | SI-00003700 | $3,000.00 |
| 11/20/2017 | INV | Marcus Bergkvist - Clear Pen Top 1mL - 1mL of THC Distillate in an Pen top for vaping. | SI-00003701 | $1,500.00 |
| 11/20/2017 | INV | Erik Witta K - Clear Syringe 1mL - 1mL of THC Distillate in a Syringe. | SI-00003702 | $900.00 |
| 11/20/2017 | INV | Erik Witta K - Clear Pen Top 1mL - 1mL of THC Distillate in an Pen top for vaping. | SI-00003702 | $650.00 |
| 11/20/2017 | INV | Christian S - Clear Pen Top 1mL - 1mL of THC Distillate in an Pen top for vaping. | SI-00003703 | $375.00 |

This evidence also includes HerbinArtisans' Instagram page, where products were routinely advertised as containing high levels of THC. For example, the following photograph was posted on August 24, 2017, along with the text "#nofilter #herbinartisans #thcdistillate."



UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION FOR TO REOPEN DETENTION HEARING
United States v. Rhule – 7

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Similarly, on June 1, 2017, the following photograph was posted, along with the text "White Fire OG #indoor #slabs #710 #420 #thc #herbinartisans #bho." Notably, BHO refers to butane hash oil, a marijuana concentrate.



Additionally, in private messages on Instagram, HerbinArtisans' representatives described the THC levels in their products, including on November 23, 2017, when HerbinArtisans told a potential customer "Terpenes are a huge factor in how thc interacts with your cannabinoids receptors. On occasions our distillate will have 1-3% CBD still with 90%+THC. So the CBD is negligible."

This high THC level is also evident in the independent lab reports commissioned by HerbinArtisans to test its products. For example, the following lab report was located in KENNETH WARREN RHULE's Google Drive account.



UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION FOR TO REOPEN DETENTION HEARING
United States v. Rhule – 8

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

The government will not belabor further the myriad ways that it will be able to prove drug quantity at trial. But the exemplars identified above further demonstrate that the Defendant's contention—that the government can only prove that the conspiracy involved 15 kilograms of marijuana—is false.

### C. The Court Did Not Rely Upon the Presumption of Detention

Finally, contrary to the Defendant's contentions, the presumption of detention was not dispositive in this case. Rather, as Judge Coughenour clearly stated in his October 8, 2020 order upholding detention, the Defendant:

> [P]resented 'some evidence' favorable to him relevant to the § 3142(g) factors. Thus Mr. Rhule has met his burden of production to rebut the presumption of detention, but the Court will still weigh the presumption along with the 3142(g) factors in determining whether Mr. Rhule should be released.

Dkt. 75 at 5. Accordingly, rather than rely upon the presumption, the Court concluded that the Defendant submitted sufficient rebuttal evidence, and then went onto consider the remaining factors enumerated in Section 3142(g). Notably, while the quantity of marijuana found on the Defendant's property was referenced in the Court's October 8, 2020 opinion, it was only included in a clause of a single sentence. Specifically, the Court noted:

> Among other evidence, the Government discovered industrial-grade marijuana-processing equipment on his property, **nearly 1,000 kilograms of marijuana**, and a laptop open to a dark web vendor page in his bedroom along with packing materials, shipping labels, and packages containing marijuana prepared for shipment.

Dkt. 75 at 7 (emphasis added). The remainder of the Court's decision went on—for pages—describing the other factors establishing the Defendant's flight risk. The fact that the Court did not find that the presumption of detention was dispositive in this case, and only referenced the quantity of marijuana briefly in its order, further undermines the Defendant's argument that his purported "new facts" are material.

UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION FOR TO REOPEN DETENTION HEARING
*United States v. Rhule* – 9

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

The Defendant's remaining arguments—related to the Defendant's airplane and a Coinbase account—deserve no further response. The Defendant already advanced these arguments, in a nearly verbatim fashion, in his prior motions. And the Court has already rejected both arguments, finding the "defendant's claim that he government intentionally mislead or falsified information in order to detain him is not supported." Dkt. 96 at 11. Rather than address the facts at issue in this case, the Defendant continues to rely upon speculation and incendiary rhetoric.[5] Neither meet the legal standard needed to reopen detention and neither warrant a response.

### A. The Defendant's Arguments Do Not Undermine the Court's Conclusion that He Must Remain Detained

In its prior comprehensive, thirteen-page and twelve-page decisions, the Court correctly determined that the Defendant posed a flight risk and must be detained pending trial. Dkt. 75, 96. In reaching this conclusion, the Court noted a variety of factors, none of which are challenged in the Defendant's motion. These factors are as follows:

(1) The weight of the evidence against the Defendant, including the discovery of an "industrial-grade marijuana-processing equipment on his property," "a laptop open to a dark web vendor page in his bedroom along with packing materials, shipping labels, and packages containing marijuana prepared for shipment."

(2) The Defendant's compelling motivation to remain with his wife of eighteen years, who has since been deported to Russia, where she remains. The Court also expressed concern regarding the Defendant's conversation with his wife, where he promised her that "he would be with her no matter what, and told her that he was applying for a passport and Russian visa on an expedited basis." The Court noted that this conversation took place after the Defendant's "property had been searched, his son had been arrested, federal agents had questioned him and seized his plane, and, most significantly, the Government warned him three days earlier that he would be receiving a target letter."

---

[5] In a lengthy footnote on page 11 of his motion, the Defendant cites to a purported inaccuracy in the PSR regarding the Defendant's social security number. The Defendant somehow ascribes this alleged error to the agents involved in this investigation. However, as the Court knows, PSRs are compiled by Pretrial Services Officers and agents have no role in reviewing or writing those reports.

UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION FOR TO REOPEN DETENTION HEARING
*United States v. Rhule* – 10

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

(3) The Defendant's substantial assets, including the Defendant's allegations that he "founded two successful technology companies that generated millions of dollars in income," and the evidence that the Defendant's marijuana business "generated over $2.5 million dollars in 'Net Income' between 2015 and 2015."

(4) The Defendant's cryptocurrency holdings, including those held at "multiple accounts at several cryptocurrency wallet provides, including those located abroad" and the recognition that the government has seized only "a small fraction of the total bitcoins paid by customers to Mr. Rhule's alleged company and Mr. Rhule has converted at least $180,000 worth of cryptocurrency into cash and gift cards."

(5) The Defendant's "extensive efforts to conceal his assets and online activities," including using false names, addresses, and shell companies to anonymize his assets. The Court also noted that the Defendant "regularly used encrypted and anonymous communication services," "allegedly sold his products via the dark web," and used cryptocurrency mixers to conceal the source of his funds.

These factors, along with the others cited in the government's original oppositions (Dkt. 64, 93) compel the conclusion that the Defendant must be detained pending trial in this matter. As the Court has noted, the Defendant "has a particularly compelling motive to flee, the means to live comfortably outside the United States, the skills to avoid detection, *and* the Government has recorded him discussing traveling to Russia just three days after he learned he was a target of the Government's investigation." Dkt. 75 at 12. As a result, "no set of conditions can reasonably assure Mr. Rhule's appearance." *Id*.

UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION FOR TO REOPEN DETENTION HEARING
*United States v. Rhule* – 11

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

# CONCLUSION

The Defendant has not established "new" and "material" information that would warrant reopening of bond proceedings. Rather, the Defendant relies upon speculation and conjecture, neither of which satisfy his burden under § 3142 nor provide basis to reconsider the well-reasoned decisions of the Court, ordering that the Defendant be detained pending trial. The Defendant's motion should be denied.

Dated this 20th day of May, 2021.

Respectfully submitted,

TESSA M. GORMAN
Acting United States Attorney

*s/ Marie M. Dalton*
MARIE M. DALTON
Assistant United States Attorney
700 Stewart Street, Suite 5220
Seattle, WA 98101-1271
Telephone: (206) 553-7970
Email: Marie.Dalton2@usdoj.gov

UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION TO REOPEN DETENTION HEARING
*United States v. Rhule* – 12

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970