The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KENNETH WARREN RHULE and<br><br>KENNETH JOHN RHULE,<br><br>Defendants. | No. CR 20-105 JCC<br><br>**JOINT MOTION TO PROCEED WITH GUILTY PLEAS BY VIDEOCONFERENCE** |

The United States and Defendants Kenneth Warren Rhule and Kenneth John Rhule jointly move to proceed with plea hearings in this case by videoconference.

## I. BACKGROUND

Defendant Kenneth Warren Rhule is charged with money laundering, conspiracy to distribute marijuana, and other offenses. Defendant Kenneth John Rhule is charged with conspiracy to distribute marijuana. After negotiations, the parties have reached plea agreements. The plea agreements call for Kenneth Warren Rhule to plead guilty to one count of money laundering and a lesser included offense of the charged marijuana conspiracy, and for Kenneth John Rhule to plead guilty to a lesser included offense of the charged marijuana conspiracy. By this motion, the parties jointly ask the Court to allow

JOINT MOTION TO PROCEED WITH GUILTY PLEAS BY VIDEOCONFERENCE - 1
*United States v. Rhule et al.*, CR 20-105 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Defendants to plead guilty by videoconference. Both Kenneth Warren Rhule and Kenneth John Rhule will separately file consents to proceed in this manner.

## II. DISCUSSION

On March 27, 2020, in response to the COVID-19 pandemic, Congress passed the Coronavirus Aid, Relief, and Economic Security Act (CARES Act). The CARES Act authorized the Chief Judges of Districts to authorize felony change-of-plea hearings and sentencing hearings by video or telephone conference when (1) such hearings "cannot be conducted in person without seriously jeopardizing public health and safety;" and (2) "the district judge in a particular case finds for specific reasons that the plea or sentencing in that case cannot further be delayed without serious harm to the interests of justice." Pub. L. 116-23 15002(b)(2).

Under General Order 04-20, this Court made the findings required of Chief District Judges by the CARES Act and authorized felony pleas and sentencings to proceed by video or telephone conferencing if "the district judge in a particular case finds for specific reasons that the plea or sentencing in that case cannot be further delayed without serious harm to the interests of justice." Through subsequent general orders, this Court has extended such procedures and continues to restrict most in-person hearings, because of the continued impact of the coronavirus outbreak on the Western District of Washington and the inability to safely hold such hearings. The most recent general order, entered after a significant increase in COVID-19 cases caused by the Omicron variant, temporarily modified the Court's procedures by providing that although proceedings before District Judges "may proceed as scheduled," the Court "encourages parties to consider a continuance or holding such proceedings using audio and video conference technology. General Order 03-22. The Court previously explained that the modification was necessary because of the exponential increase in the number of COVID-19 cases in the community to "immediately protect unvaccinated individuals and to avoid contributing to the spread of the virus." General Order 01-22.

JOINT MOTION TO PROCEED WITH GUILTY PLEAS BY VIDEOCONFERENCE - 2
*United States v. Rhule et al.*, CR 20-105 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

In the instant case, there are specific reasons that the case cannot be further delayed without harming the interests of justice, and the Court therefore should allow both Defendants to plead guilty by videoconference. Among other things, allowing this case to proceed will hasten the ultimate resolution of this case, which has already been pending for some time and subject to disruptions caused by the pandemic. Kenneth John Rhule has been awaiting trial in custody at FDC SeaTac. The trial in this matter is set to begin at the end of March 2022, and multiple pretrial deadlines are approaching. Rather than waiting for the possibility that the Court may re-open to in-person proceedings, which would occur on March 7, 2022 at the earliest, the parties wish to resolve the case and all the attendant uncertainty now. In addition, Kenneth Warren Rhule is presently residing in Florida, and he prefers to plead guilty through a virtual hearing rather than traveling to Seattle. Finally, proceeding with plea hearings now will reduce the strain on court resources. The prompt disposition of criminal cases through telephonic and video hearings avoids a backlog of cases.

### III.   CONCLUSION

For the above stated reasons, the parties respectfully request that the Court find that further delay in this case would cause "serious harm to the interests of justice," and

//

JOINT MOTION TO PROCEED WITH GUILTY PLEAS BY VIDEOCONFERENCE - 3
*United States v. Rhule et al.*, CR 20-105 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

authorize the scheduling of guilty pleas by videoconference.

DATED this 22nd day of February, 2022.

Respectfully submitted,

/s/
ANGELO J. CALFO
Attorney for Kenneth Warren Rhule

/s/
PETER OFFENBECHER
Attorney for Kenneth John Rhule

NICHOLAS W. BROWN
United States Attorney

/s/
PHILIP KOPCZYNSKI
Assistant United States Attorney

JOINT MOTION TO PROCEED WITH GUILTY PLEAS BY VIDEOCONFERENCE - 4
*United States v. Rhule et al.*, CR 20-105 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970