Judge John C. Coughenour

1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KENNETH JOHN RHULE,<br><br>Defendant. | NO. 2:20-CR-105-JCC<br><br>**PLEA AGREEMENT** |

The United States, through United States Attorney Nicholas W. Brown and Assistant United States Attorneys Philip Kopczynski and Casey Conzatti of the Western District of Washington, and Defendant Kenneth John Rhule and his attorneys Peter Offenbecher and Barry Flegenheimer, enter into the following Plea Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A) and (B).

1.    **The Charge**.  Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters a plea of guilty to the following charge contained in the Indictment.

a.    Conspiracy to manufacture or distribute marijuana, as a lesser included offense to the offense charged in Count Eight, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and 846.

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

By entering this plea of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering any guilty plea, Defendant will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

2.      **Elements of the Offense**. The elements of the offense to which Defendant is pleading guilty are as follows:

a.      The elements of the offense of conspiracy to manufacture or distribute marijuana, as charged in Count Eight, are as follows:

i.      There was an agreement between two or more persons to manufacture or distribute marijuana; and

ii.      Defendant joined in the agreement knowing of its purpose and intending to help accomplish that purpose.

3.      **The Penalties**. Defendant understands that the statutory penalties applicable to the offense to which Defendant is pleading guilty are as follows:

a.      For the offense of conspiracy to manufacture or distribute marijuana, as a lesser included offense to the offense charged in Count Eight: A maximum term of imprisonment of up to 20 years, a fine of up to $1,000,000, a period of supervision following release from prison of up to life and at least 3 years, and a mandatory special assessment of 100 dollars.

Defendant understands that supervised release is a period of time following imprisonment during which Defendant will be subject to certain restrictive conditions and requirements. Defendant further understands that, if supervised release is imposed and Defendant violates one or more of the conditions or requirements, Defendant could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

Plea Agreement - 2
*United States v. Kenneth John Rhule*, CR 20-CR-105 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Defendant understands that as a part of any sentence, in addition to any term of imprisonment and/or fine that is imposed, the Court may order Defendant to pay restitution to any victim of the offense, as required by law.

Defendant further understands that the consequences of pleading guilty may include the forfeiture of certain property, either as a part of the sentence imposed by the Court, or as a result of civil judicial or administrative process.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs, or restitution, is due and payable immediately and further agrees to submit a completed Financial Disclosure Statement as requested by the United States Attorney's Office.

Defendant understands that, if pleading guilty to a felony drug offense, Defendant will become ineligible for certain food stamp and Social Security benefits as directed by Title 21, United States Code, Section 862a.

4.    **Immigration Consequences**.  Defendant recognizes that pleading guilty may have consequences with respect to Defendant's immigration status if Defendant is not a citizen of the United States.  Under federal law, a broad range of crimes are grounds for removal, and some offenses make removal from the United States presumptively mandatory.  Removal and other immigration consequences are the subject of a separate proceeding, and Defendant understands that no one, including Defendant's attorney and the Court, can predict with certainty the effect of a guilty plea on immigration status.  Defendant nevertheless affirms that Defendant wants to plead guilty regardless of any immigration consequences that Defendant's guilty pleas may entail, even if the consequence is Defendant's mandatory removal from the United States.

5.    **Rights Waived by Pleading Guilty.**  Defendant understands that by pleading guilty, Defendant knowingly and voluntarily waives the following rights:

a.    The right to plead not guilty and to persist in a plea of not guilty;

b.    The right to a speedy and public trial before a jury of Defendant's peers;

Plea Agreement - 3
*United States v. Kenneth John Rhule*, CR 20-CR-105 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

c.      The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for Defendant;

d.      The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

e.      The right to confront and cross-examine witnesses against Defendant at trial;

f.      The right to compel or subpoena witnesses to appear on Defendant's behalf at trial;

g.      The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

h.      The right to appeal a finding of guilt or any pretrial rulings.

6.      **United States Sentencing Guidelines**.  Defendant understands and acknowledges that the Court must consider the sentencing range calculated under the United States Sentencing Guidelines and possible departures under the Sentencing Guidelines together with the other factors set forth in Title 18, United States Code, Section 3553(a), including:  (1) the nature and circumstances of the offenses; (2) the history and characteristics of Defendant; (3) the need for the sentence to reflect the seriousness of the offenses, to promote respect for the law, and to provide just punishment for the offenses; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of Defendant; (6) the need to provide Defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records.  Accordingly, Defendant understands and acknowledges that:

a.      The Court will determine Defendant's Sentencing Guidelines range at the time of sentencing;

Plea Agreement - 4
*United States v. Kenneth John Rhule*, CR 20-CR-105 JCC

b.      After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. § 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

c.      The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

d.      Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

7.      **Ultimate Sentence**.  Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

8.      **Statement of Facts**.  The parties agree on the following facts.  Defendant admits Defendant is guilty of the charged offense as described above in paragraph 1:

a.      Beginning no later than April 2015 and continuing at least until his co-defendant's arrest on March 10, 2020, Defendant Kenneth John RHULE entered into an agreement with others known and unknown to law enforcement, to manufacture and distribute marijuana, including marijuana distillates and extracts that are controlled under Title 21 of the United States Code.  RHULE entered into this agreement knowing of its purpose and intending to accomplish its purpose.  Altogether, the conspiracy manufactured and distributed more than 1,000 kilograms of a mixture or substance containing a detectable amount of marijuana.  Distributing marijuana in this quantity was within the scope of RHULE's conspiratorial agreement.

b.      During this period, RHULE and his co-conspirators manufactured marijuana products, including extracts and distillates that are controlled under Title 21 of the United States Code.  RHULE and his co-conspirators manufactured and sold these products primarily using the company HerbinArtisans.  RHULE provided the funds needed to start the business in and around 2015.

Plea Agreement - 5
*United States v. Kenneth John Rhule*, CR 20-CR-105 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

c. RHULE and his co-conspirators used Instagram and the dark web to advertise the marijuana products. RHULE and his co-conspirators sold their products to individuals located in the Western District of Washington and across the country, meeting customers in person or by shipping marijuana products via the U.S. Postal Service in exchange for bulk cash and cryptocurrency. RHULE and his co-conspirators sold some of this cryptocurrency to other individuals in return for cash. From 2015 until 2020, RHULE and his co-conspirators sold more than $13 million in marijuana products, and made no less than $4.9 million in gross profit and $2.5 million in net income.

d. RHULE and his co-conspirators manufactured and distributed marijuana products using a property located at 29428 181st Street SE in Monroe, Washington, including in a warehouse on the property and his nearby residence (the "Monroe Property"). RHULE and his co-conspirators also shipped marijuana products to purchasers using the warehouse and residence at the Monroe Property. The Monroe Property, more fully described in paragraphs 12f-g, facilitated the drug conspiracy.

e. When federal search warrants were executed on March 10, 2020 at the Monroe Property, law enforcement seized marijuana plant material, processed and distilled marijuana products, marijuana processing equipment, U.S. currency, cryptocurrency (including approximately 5.12094153 bitcoin and approximately 23.46324478 bitcoin), firearms, ammunition, and other items. The cryptocurrency is more fully described in paragraph 14a.

i. Law enforcement seized approximately 930 kilograms of bulk marijuana, marijuana extracts, or other plant material on a gross weight basis from the warehouse at the Monroe Property, nearly all of which was later found by a government-run laboratory to have THC levels above 1%, as well as marijuana distilling, extracting, and processing equipment, and multiple 50- and 100-gallon containers of materials used to manufacture marijuana products, some of which contained highly flammable chemicals such as N-Heptane.

ii. In addition to the cryptocurrency described above and further

Plea Agreement - 6
*United States v. Kenneth John Rhule*, CR 20-CR-105 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

described in paragraph 14a, law enforcement also seized from RHULE's residence approximately $2,500 in U.S. currency, and approximately $430 in U.S. currency, all of which are proceeds of, or were derived from proceeds of, the drug conspiracy. These items are further identified in paragraph 12h. Law enforcement also seized firearms, firearm accessories, and ammunition from the residence and outbuildings on the Monroe Property.

        f.     While engaged in the drug trafficking conspiracy, RHULE and his co-conspirators transported raw materials and equipment they used in the drug manufacturing process using multiple means, including on occasion using a Cessna aircraft, purchased in the name of Frontline Aviators LLC, which they control. On or about March 5, 2020, RHULE and his co-defendant KENNETH WARREN RHULE purchased another Cessna P210N, with registration number N21LT and serial number P21000216 (the "Cessna"), which they stored in Snohomish, Washington. They also purchased this additional Cessna in the name of Frontline Aviators LLC, which they control. The Cessna is further described in paragraph 14b.

        g.     While engaged in the drug trafficking conspiracy, RHULE and his co-conspirators possessed dangerous weapons, including multiple firearms on the Monroe Property.

        h.     Despite being aware of the legal requirements, neither RHULE, RHLUE's co-conspirators, HerbinArtisans, nor any affiliated entities applied for or were granted licenses to produce, process, transport, or sell marijuana or marijuana products in the State of Washington or elsewhere.

The parties agree that the Court may consider additional facts contained in the Presentence Report (subject to standard objections by the parties) and/or that may be presented by the United States or Defendant at the time of sentencing, and that the factual statement contained herein is not intended to limit the facts that the parties may present to the Court at the time of sentencing.

        9.    **Sentencing Factors**. The parties agree that the following Sentencing

Plea Agreement - 7
*United States v. Kenneth John Rhule*, CR 20-CR-105 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Guidelines provisions apply to this case:

        a.      The base offense level is 30, pursuant to USSG §§ 2D1.1(a)(5) and (c)(5), as the offense involved at least 1,000 kilograms but less than 3,000 kilograms of marijuana.

        b.      A two-level increase applies because Defendant possessed a dangerous weapon (firearms), pursuant to USSG § 2D1.1(b)(1).

        c.      A two-level increase applies because Defendant distributed a controlled substance through mass-marketing by means of an interactive computer service, pursuant to USSG § 2D1.1(b)(7).

        d.      A two-level increase applies because Defendant maintained a premises for the purpose of manufacturing and distributing a controlled substance, pursuant to USSG § 2D1.1(b)(12).

The parties agree they are free to present arguments regarding the applicability of all other provisions of the United States Sentencing Guidelines.  Defendant understands, however, that at the time of sentencing, the Court is free to reject these stipulated adjustments, and is further free to apply additional downward or upward adjustments in determining Defendant's Sentencing Guidelines range.

        10.    **Acceptance of Responsibility**.  At sentencing, *if* the Court concludes Defendant qualifies for a downward adjustment for acceptance of responsibility pursuant to USSG § 3E1.1(a) and Defendant's offense level is 16 or greater, the United States will make the motion necessary to permit the Court to decrease the total offense level by three (3) levels pursuant to USSG §§ 3E1.1(a) and (b), because Defendant has assisted the United States by timely notifying the United States of Defendant's intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

        11.    **Restitution**.  Defendant agrees that the Court can order Defendant to pay restitution to the victims of Defendant's crimes and, in exchange for the agreements by the United States contained in this Plea Agreement, Defendant agrees that restitution in

Plea Agreement - 8
*United States v. Kenneth John Rhule*, CR 20-CR-105 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

this case should not be limited to the offenses of conviction.  Defendant is aware that the United States will present evidence supporting an order of restitution for all losses caused by all of Defendant's criminal conduct known to the United States at the time of Defendant's guilty plea, to include those losses resulting from crimes not charged or admitted by Defendant in the Statement of Facts, if any.  In exchange for the promises by the United States contained in this Plea Agreement, Defendant agrees that Defendant will be responsible for any order by the District Court requiring the payment of restitution for such losses.

a.      The full amount of restitution shall be due and payable immediately on entry of judgment and shall be paid as quickly as possible.  If the Court finds that Defendant is unable to make immediate restitution in full and sets a payment schedule as contemplated in 18 U.S.C. § 3664(f), Defendant agrees that the Court's schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy Defendant's full and immediately-enforceable financial obligation, including, but not limited to, by pursuing assets that come to light only after the Court finds that Defendant is unable to make immediate restitution.

b.      Defendant agrees to disclose all assets in which Defendant has any interest or over which Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or third party.  Defendant agrees to cooperate fully with the United States' investigation identifying all property in which Defendant has an interest and with the United States' lawful efforts to enforce prompt payment of the financial obligations to be imposed in connection with this prosecution.  Defendant's cooperation obligations are:  (1) before sentencing, and no more than 30 days after executing this Plea Agreement, truthfully and completely executing a Financial Disclosure Statement provided by the United States Attorney's Office and signed under penalty of perjury regarding Defendant's and Defendant's spouse's financial circumstances and producing supporting documentation, including tax returns, as requested; (2) providing updates with

Plea Agreement - 9
*United States v. Kenneth John Rhule*, CR 20-CR-105 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven days of the event giving rise to the changed circumstances; (3) authorizing the United States Attorney's Office to obtain Defendant's credit report before sentencing; (4) providing waivers, consents or releases requested by the U.S. Attorney's Office to access records to verify the financial information; (5) authorizing the U.S. Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office; (6) submitting to an interview regarding Defendant's Financial Statement and supporting documents before sentencing (if requested by the United States Attorney's Office), and fully and truthfully answering questions during such interview; and (7) notifying the United States Attorney's Office before transferring any interest in property owned directly or indirectly by Defendant, including any interest held or owned in any other name, including all forms of business entities and trusts.

c.    The parties acknowledge that voluntary payment of restitution prior to the adjudication of guilt is a factor the Court considers in determining whether Defendant qualifies for acceptance of responsibility pursuant to USSG § 3E1.1(a).  In addition, in any event, the government will consider Defendant's cooperation regarding restitution in making its sentencing recommendation.

12.    **Forfeiture of Assets**.  Defendant understands the forfeiture of property is part of the sentence that must be imposed in this case.  Defendant agrees to forfeit to the United States immediately all of his right, title, and interest in any and all property, real or personal, that was used, or intended to be used, in any manner or part, to commit or to facilitate the commission of *Conspiracy to Manufacture or Distribute Controlled Substances*, a lesser included offense of the offense charged in Count Eight of the Indictment, and any property constituting, or derived from, any proceeds Defendant obtained, directly or indirectly, as the result of this offense.  This property is subject to forfeiture pursuant to Title 21, United States Code, Section 853(a), and includes, but is not limited to the property identified below, in paragraphs 12a-h:

a.    The following property seized on or about March 10, 2020, from

Plea Agreement - 10
*United States v. Kenneth John Rhule*, CR 20-CR-105 JCC

1  KENNETH WARREN RHULE's residence in Bothell, Washington:

2             i.      One 2016 dark gray Tesla Model S,

3                     VIN: 5YJSA1E22FF117465, bearing Washington State

4                     license plate BOS0948;

5             ii.     Approximately 89 silver bars and coins; and

6             iii.    Approximately $42,000 in U.S. currency;

7         b.      Approximately $593 in U.S. currency seized on or about March 10,

8  2020, from KENNETH WARREN RHULE in or around Bothell, Washington;

9         c.      One 2015 black GMC Sierra pick-up truck with topper and lift kit,

10 VIN: GT12ZE86FF149097, bearing Washington State license plate C30354L, seized on

11 or about March 10, 2020;

12        d.      The following property seized on or about March 13, 2020 from the

13 aforementioned GMC Sierra pick-up truck:

14            i.      Approximately $32,339 in U.S. currency;

15            ii.     One Western Union money order in the amount of

16                    approximately $499 in U.S. funds; and

17            iii.    Two American Express gift cards with a combined value of

18                    approximately $250.83 in U.S. funds;

19        e.      A Smith and Wesson M&P 9mm handgun, serial number DTV6454;

20        f.      The real property commonly known as 29428 181st Street SE,

21 Monroe, Washington 98272, Snohomish County, Parcel No. 27081800202100, and all of

22 its buildings, improvements, appurtenances, fixtures, attachments and easements, more

23 particularly described as:

24            LOT 12, AS SHOWN ON SURVEY RECORDED IN VOLUME 14 OF
             SURVEYS, PAGE 107, UNDER SNOHOMISH COUNTY RECORDING
25            NO. 8107085004, RECORDS OF SNOHOMISH COUNTY,
             WASHINGTON, BEING LOCATED IN SECTION 18, TOWNSHIP. 27
26            NORTH, RANGE 8 EAST, W.M, IN SNOHOMISH COUNTY,
             WASHINGTON;
27

28

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

g.      The real property located at 29424 181st Street SE, Monroe, Washington 98272, Snohomish County, Parcel No. 27081800200200, and all of its buildings, improvements, appurtenances, fixtures, attachments and easements, more particularly described as:

> LOT 11, AS SHOWN ON SURVEY RECORDED IN VOLUME 14 OF SURVEYS, PAGE 107, UNDER SNOHOMISH COUNTY RECORDING NO. 8107085004, RECORDS OF SNOHOMISH COUNTY, WASHINGTON, BEING LOCATED IN SECTION 18, TOWNSHIP. 27 NORTH, RANGE 8 EAST, W.M, IN SNOHOMISH COUNTY, WASHINGTON; and

h.      The following property, seized on or about March 10, 2020, from KENNETH JOHN RHULE's residence in Monroe, Washington:

i.      Approximately $2,500 in U.S. currency; and

ii.     Approximately $430 in U.S. currency.

Defendant agrees to fully assist the United States in the forfeiture of the above-described property and to take whatever steps are necessary to pass clear title to the United States, including but not limited to: surrendering title and executing any documents necessary to effect forfeiture; assisting in bringing any property located outside the United States within the jurisdiction of the United States; and taking whatever steps are necessary to ensure that property subject to forfeiture is not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture.  Defendant agrees not to file a claim to any such property in any federal forfeiture proceeding, administrative or judicial, which may be or has been initiated.  Defendant also agrees he will not assist any party who may file a claim to this property in any federal forfeiture proceeding.

The United States reserves its right to proceed against any remaining property not identified in this Plea Agreement, including any property in which Defendant has any interest or control, if said assets constitute or are derived from proceeds of, or were used or intended to be used to facilitate, the *Conspiracy to Manufacture or Distribute*

Plea Agreement - 12
*United States v. Kenneth John Rhule*, CR 20-CR-105 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  *Controlled Substances*, a lesser included offense of that charged in Count Eight of the

2  Indictment.

3       13.  **Abandonment of Firearms and Contraband**.  Defendant also agrees that,

4  if any federal law enforcement agency seized any firearms, firearm accessories,

5  ammunition, or illegal contraband that was in Defendant's direct or indirect control,

6  Defendant consents to the federal administrative disposition, official use, and/or

7  destruction of that property.

8       14.  **Abandonment of Cryptocurrency and Aircraft**.  In addition, pursuant to

9  this Plea Agreement, Defendant abandons all right title and interest in the cryptocurrency

10  and airplane described below:

11       a.  The following property seized on or about March 10, 2020, from

12  KENNETH JOHN RHULE's residence in Monroe, Washington:

13            i.  Approximately 5.12094153 bitcoin; and

14            ii.  Approximately 23.46324478 bitcoin; and

15       b.  One Cessna P210N, with registration number N21LT and serial

16  number P21000216, and associated flight and maintenance logbooks and documents,

17  seized on or about May 4, 2020, in or about Snohomish, Washington.

18       Defendant waives, releases, and withdraws any claim – past, present, or future –

19  he has made or could make to this cryptocurrency and aircraft; waives any right to

20  receive notice or hearing with respect to any action the United States may take, in its sole

21  discretion, to carry out the abandonment, disposition, donation, and/or destruction of the

22  cryptocurrency and aircraft; waives any and all claims or challenges related to the

23  seizure, abandonment, disposition, donation, and/or destruction of the cryptocurrency and

24  aircraft, regardless of their basis (*e.g.*, statutory, common law, constitutional, etc.),

25  including but not limited to any claim for attorney fees or litigation costs; and, agrees to

26  release and hold harmless the United States, its agents and employees (and any involved

27  state or local law enforcement agencies and their agents, servants and employees), in

28

Plea Agreement - 13
*United States v. Kenneth John Rhule*, CR 20-CR-105 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

their individual or official capacities, from any and all claims arising from the seizure, abandonment, disposition, donation, and/or destruction of the cryptocurrency and aircraft.

15. **Non-Prosecution of Additional Offenses**. As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees not to prosecute Defendant for any additional offenses known to it as of the time of this Plea Agreement based upon evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation. In this regard, Defendant recognizes the United States has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Plea Agreement. Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

Defendant agrees that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119 (1997).

16. **Breach, Waiver, and Post-Plea Conduct**. Defendant agrees that, if Defendant breaches this Plea Agreement, the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence. Defendant agrees not to oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement. Defendant also agrees that, if Defendant is in breach of this Plea Agreement, Defendant has waived any objection to the re-institution of any charges that previously were dismissed or any additional charges that had not been prosecuted.

Defendant further understands that if, after the date of this Plea Agreement, Defendant should engage in illegal conduct, or conduct that violates any conditions of release or the conditions of confinement (examples of which include, but are not limited

Plea Agreement - 14
*United States v. Kenneth John Rhule*, CR 20-CR-105 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while

2  pending sentencing, and false statements to law enforcement agents, the Pretrial Services

3  Officer, Probation Officer, or Court), the United States is free under this Plea Agreement

4  to file additional charges against Defendant or to seek a sentence that takes such conduct

5  into consideration by requesting the Court to apply additional adjustments or

6  enhancements in its Sentencing Guidelines calculations in order to increase the applicable

7  advisory Guidelines range, and/or by seeking an upward departure or variance from the

8  calculated advisory Guidelines range.  Under these circumstances, the United States is

9  free to seek such adjustments, enhancements, departures, and/or variances even if

10 otherwise precluded by the terms of the Plea Agreement.

11      17.    **Waiver of Appellate Rights and Rights to Collateral Attacks**.

12 Defendant acknowledges that, by entering the guilty plea required by this Plea

13 Agreement, Defendant waives all rights to appeal from Defendant's conviction, and any

14 pretrial rulings of the Court, and any rulings of the Court made prior to entry of the

15 judgment of conviction.  Defendant further agrees that, provided the Court imposes a

16 custodial sentence that is within or below the Sentencing Guidelines range as determined

17 by the Court at the time of sentencing, Defendant waives to the full extent of the law:

18      a.    Any right conferred by Title 18, United States Code, Section 3742,

19 to challenge, on direct appeal, the sentence imposed by the Court, including any fine,

20 restitution order, probation or supervised release conditions, or forfeiture order (if

21 applicable); and

22      b.    Any right to bring a collateral attack against the conviction and

23 sentence, including any restitution order imposed, except as it may relate to the

24 effectiveness of legal representation.

25      This waiver does not preclude Defendant from bringing an appropriate motion

26 pursuant to 28 U.S.C. § 2241, to address the conditions of Defendant's confinement or

27 the decisions of the Bureau of Prisons regarding the execution of Defendant's sentence.

28

Plea Agreement - 15
*United States v. Kenneth John Rhule*, CR 20-CR-105 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to effectiveness of legal representation) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

18.     **Voluntariness of Plea**.  Defendant agrees that Defendant has entered into this Plea Agreement freely and voluntarily, and that no threats or promises were made to induce Defendant to enter a plea of guilty other than the promises contained in this Plea Agreement or set forth on the record at the change of plea hearing in this matter.

19.     **Statute of Limitations**.  In the event this Plea Agreement is not accepted by the Court for any reason, or Defendant breaches any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to:  (1) thirty (30) days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty (30) days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

20.     **Completeness of Plea Agreement**.  The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties, except as may be set forth on the record at the change of plea hearing in this matter.  This Plea Agreement binds only the United States Attorney's Office for the Western District of Washington.  It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

21.     **Interdependence of Plea Agreements**.  Defendant acknowledges that the United States has conditioned its willingness to enter into this Plea Agreement on the Court's acceptance of the guilty plea and Plea Agreement by co-defendant Kenneth Warren Rhule in this same case.  As a result, if either Defendant or co-defendant Kenneth Warren Rhule fails to enter into, and plead guilty pursuant to the terms of, the respective Plea Agreements, or if either Defendant or co-defendant Kenneth Warren Rhule later

seeks to withdraw the resulting guilty pleas, the United States may, at its election, withdraw from either or both Plea Agreements.  If the United States chooses to withdraw from this Plea Agreement under these circumstances, Defendant understands that the United States will seek an Indictment against both parties for all crimes for which the United States has sufficient evidence.

Dated this 23rd day of February, 2022.


s/ Kenneth John Rhule
_____
KENNETH JOHN RHULE
Defendant


_____
PETER OFFENBECHER
Attorney for Defendant


_____
BARRY FLEGENHEIMER
Attorney for Defendant


s/ Thomas Woods
_____
THOMAS M. WOODS
Assistant United States Attorney


s/ Casey Conzatti
_____
CASEY CONZATTI
Assistant United States Attorney


s/ Philip Kopczynski
_____
PHILIP KOPCZYNSKI
Assistant United States Attorney

Plea Agreement - 17
*United States v. Kenneth John Rhule*, CR 20-CR-105 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970